## Mory, Appellant, *v.* Oley Valley Railway Company.

*Street railways—Railroads—Company organized under general railroad act of April* 4, 1868, *P. L.* 62—*Remedy under Act of June* 19, 1871, *P. L.* 1361.

On a bill in equity filed by an owner of property abutting on a borough street to restrain the construction of a street railway thereon, the court will under the Act of June 19, 1871, P. L. 1361, award a preliminary injunction where the record shows that the company sought to be enjoined was organized under the general railroad act of April 4, 1868, that the borough passed an ordinance granting leave to the company to lay a track on the street to be operated by electricity, and to erect poles and trolley wires, provided that no coal or freight cars be allowed to pass over said route, and that the company accepted the ordinance, and proposed to erect poles and wires on the street. In such a case it is immaterial that the company denies in its answer that it proposes to operate a street passenger railway.

Argued March 5, 1901. Appeal, No. 71, Jan. T., 1901, by plaintiff, from decree of C. P. Berks Co., Equity Docket, 1900, No. 784, refusing a preliminary injunction in the case of Charles A. Mory v. Oley Valley Railway Company and Borough of Boyertown. Before McCollum, C. J., Mitchell, Fell, Brown and Mestrezat, JJ. Reversed.

Bill in equity for an injunction.

Motion for preliminary injunction.

The bill averred that the plaintiff owned property on Reading avenue in the borough of Boyertown, and that the defendant was a corporation organized under the general railroad act of 1868, for the purpose of building a railroad from Reading to Boyer-

town.   It was averred in the bill and not denied in the answer
that the borough of Boyertown had passed an ordinance au-
thorizing the railway company " to lay a single railway track
in the center of Reading avenue, erect and maintain poles for
supporting wires for supplying electrical power. . . . Provided,
further, that it shall not be lawful for the said railway company
to use any other motive power over the route herein granted,
other than electricity, unless so authorized by a subsequent duly
approved ordinance of council.   And provided further that no
coal or freight cars shall be allowed to pass over the route here-
in granted, except those used by the company in the construc-
tion and maintenance of the road."

It was averred and not denied that this ordinance was ac-
cepted by the railway company.   The bill further averred as
follows :

4. In pursuance of the authority purporting to be given by
said letters patent and ordinance, the said Oley Valley Railway
Company asserts the right and proposes to construct a street
passenger railway in the center of the street in front of the
plaintiff's properties, and to set up poles and wires for the pur-
pose of operating the same by means of electricity, and to oper-
ate the said street passenger railway for the transportation of
passengers.

5. The construction, maintenance and operation of said
street passenger railway by the said railway company, will in-
terfere with the free and unobstructed use of said street by the
plaintiff and by other persons desiring to obtain access to the
plaintiff's properties, and will specially injure the plaintiff's
properties, and the said acts of the said corporation will be il-
legal and unwarranted by law.

The answer averred, inter alia, as follows :

4. We deny that the Oley Valley Railway Company as-
serts the right and proposes to construct and operate a street
passenger railway in front of plaintiff's properties, or upon any
street in the borough of Boyertown, as alleged in the fourth
paragraph of plaintiff's bill.   The said railway company pro-
poses to construct and operate a railroad from the city of Read-
ing to and into the borough of Boyertown under the authority
of the general railroad laws of April 4, 1868, February 19,
1849, and their supplements, under which it is incorporated,

and to operate said railroad for the transportation of freight
and passengers as authorized by law, subject to such limitations
within the borough of Boyertown, as are prescribed in the or-
dinance approved December 17, 1900, as aforesaid, and to set
up poles and wires along Reading avenue and Philadelphia
avenue, within the borough of Boyertown, as authorized by
said ordinance, for the purpose of operating or propelling cars
by means of electricity.

The court refused a preliminary injunction.

*Error assigned* was the refusal of a preliminary injunction.

*Isaac Hiester*, with him *C. H. Ruhl*, for appellant.—The
court has jurisdiction to enjoin the illegal construction of a
railway on the public highway at the instance of an abutting
landowner, when all parties are before the court to enable it
to do justice: Act of June 19, 1871, P. L. 1361; Hopkins v.
Catasauqua Mfg. Co., 180 Pa. 199 ; Potts v. Quaker City Ele-
vated R. R. Co., 161 Pa. 396 ; Middletown Street Ry. Co. v.
Middletown Electric Ry. Co., 16 Pa. C. C. R. 127.

The act of April 4, 1868, does not authorize a railroad com-
pany to lay its tracks longitudinally on the streets of a borough :
Pennsylvania R. R. Co. v. Phila. Belt Line R. R. Co., 10 Pa. C.
C. R. 625.

If it be held that a railroad company incorporated under the
act of April 4, 1868, has power to occupy a street longitudinally
for the purpose of laying its rails, it does not follow that such
company may use the highways for the purpose of setting up
poles and wires with a view of using a motive power which was
unknown at the time of the legislative grant: Scranton Electric
Light & Heat Co.'s App., 122 Pa. 154 ; Reeves v. Phila. Trac-
tion Co., 152 Pa. 153 ; Fritz v. Erie City Pass. Ry. Co., 155
Pa. 472 ; Potter v. Scranton Traction Co., 176 Pa. 271.

A railroad company incorporated under the act of April 4,
1868, possesses no franchise to occupy a borough street with or
without the consent of the borough for the sole purpose of con-
structing and operating a street passenger railway thereon :
Potts v. Quaker City Elevated Ry. Co., 161 Pa. 396.

The courts have uniformly enjoined railroad companies incor-
porated under the act of April 4, 1868, from extending their

charters to other uses : Edgewood R. R. Co.'s App., 79 Pa. 257 ; Pennsylvania R. R. Co. v. Bridgeport R. R. Co., 11 Montgomery Co. Law Rep. 73.

*Richmond L. Jones*, with him *J. K. Grant*, for appellees, cited : In re Phila. & Trenton R. R. Co., 6 Wharton, 25 ; Gaw v. Bristol & Bridgewater R. R. Co., 8 Pa. Dist. Rep. 608.

OPINION BY MR. JUSTICE BROWN, April 22, 1901 :

That the Oley Valley Railway Company, incorporated under the general railroad act of April 4, 1868, proposes to construct a street passenger railway on the streets of the borough of Boyertown, is so manifest that it is hardly conceivable how, in good faith, it can insist that its purpose is different. With the bill, answer and the borough ordinance of December 17, 1900, formally accepted by the appellee, before us, the only possible conclusion is, that it has undertaken to exercise a right expressly withheld from it by the statute creating it. Its effort is not even a cunning or ingenious device to evade the plain terms of the act, but a bold defiance of them, notwithstanding the protestations in its answer. The learned judge below should have so told it. In Gaw v. Bristol & Bridgewater Railroad Co., 196 Pa. 442, upon which he seems to have relied, it was distinctly found as a fact, upon sufficient evidence, that it had not been shown that the intention of the company was to operate a " railroad as a street passenger railway only, and not as a steam railroad, within the meaning of the law." There could be no such finding here.

For a case like this, the act of June 19, 1871 was passed, and the appellant properly turned to it as authority to the court to issue its summary process for the protection of his property from injury resulting from the unauthorized and illegal act of the appellee. As it does not possess the right or franchise to do what it proposes to do, that process should go out. At this time, no other question need be considered and nothing else need be said. The decree refusing the preliminary injunction is reversed and the record is remitted to the court below, with direction that it order the preliminary injunction to issue as prayed for in the bill, the costs of this appeal to be paid as may be directed on final decree.