## Deemer *v.* Bells Run Railroad Company, Appellant.

212    491
d220    395

212  491
e226  134

*Railroads—Private or public use—Eminent domain—Act of June* 19, 1871, *P. L.* 1360.

On a bill in equity filed under the Act of June 19, 1871, P. L. 1360, to restrain a railroad company regularly incorporated under the Act of April 4, 1868, P. L. 62, from exercising the right of eminent domain, on the ground that its charter had been obtained solely for a private use, the burden is upon the plaintiff to show clearly that the railroad is being constructed for a private and not a public use. The mere fact that the railroad is being constructed through an undeveloped country where there are no communities or settlements and no mineral developments is no reason for denying to the company the right to exercise its corporate franchises.

Argued May 1, 1905. Appeal, No. 312, Jan. T., 1904, by defendant, from decree of C. P. Elk Co., April T., No. 2, awarding preliminary injunction in case of Elias Deemer and John H. Hunt, trading as Elias Deemer & Company, v. Bells Run Railroad Company. Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an injunction. Before MAYER, P. J.
The opinion of the Supreme Court states the facts.

*Error assigned* was the decree of the court.

*C. LaRue Munson,* with him *Addison Candor, Brown & Stevenson* and *McCauley & Whitmore,* for appellant.—It clearly appears that the defendant has the franchise to enter upon the plaintiffs' land, and thereon construct and operate its railroad; hence, all further inquiry on behalf of the plaintiffs in this issue is at an end under a well-settled line of authority in this state: Windsor Glass Co. v. Carnegie Co., 204 Pa. 459; Western Penna. R. R. Co.'s App., 104 Pa. 399; Phila. & Merion Ry. Co.'s Petition, 187 Pa. 123; Western N. Y. & Penna. Ry. Co. v. Ry. Co., 193 Pa. 127; Penna. R. R. Co. v. St. Ry. Co., 176 Pa. 559; Rudolph v. R. R. Co., 166 Pa. 430; Gaw v. R. R. Co., 196 Pa. 442; Oliver v. Bridge Co., 197 Pa. 344; Slocum's App., 12 W. N. C. 84; Dobson v. R. R. Co., 6 Montg. 109; DeCamp v. Hibernia R. R., 47 N. J. 43.

*John G. Reading,* with him *T. C. Hipple* and *Wm. R. Deemer,* for appellees.—The bill filed in this case brings it directly within the decision of this court in Edgewood Railroad Co.'s App., 79 Pa. 257.

The decree was proper: Mory v. Oley Valley Ry. Co., 199 Pa. 152; Kincaid v. Mahoning Valley R. R. Co., 25 Pa. C. C. Rep. 545; Packard v. Thiel College, 209 Pa. 349.

OPINION BY MR. JUSTICE BROWN, June 22, 1905:

The Bells Run Railroad Company was incorporated under the Act of April 4, 1868, P. L. 62. The road to be constructed by it is from a point on the Dent's Run Railroad, in Elk County, to a point on the Philadelphia and Erie Railroad, in Cameron county, and is about fourteen and one-half miles in length. After the railroad had been constructed to the southern line of the lands of the appellees, and the company had failed to secure a right of way over these lands, it tendered the appellees a bond, in accordance with the act of assembly, to secure the payment of all damages sustained by them in the taking of their land for railroad purposes. They thereupon filed this bill, averring that the charter of the company had been obtained solely for private use and benefit, and not for any public use or for the transportation of persons and property generally, and prayed for a decree that the company be declared not a corporation for a public railroad, that it does not have the right to take the property of the appellees under its alleged right of eminent domain, and that it be restrained from doing so. On the bill and answer and affidavits filed by the respective parties the preliminary injunction prayed for was awarded, from which there is this appeal.

The court below found that the company had complied with all the requirements as to the location of its line, and that the same had been validly located, adding, however, "But the question raised by this bill is, whether the charter of the defendant company confers upon it the right of eminent domain." This is not a correct statement of the question involved in this proceeding. If it were, there could be but one answer to it, for the company has clearly conferred upon it the right of eminent domain. The question is whether, possessing such right, it is attempting to exercise the same for

public purposes, or, under cover of it, is attempting to take private property for purely private uses. It possesses no franchise to take private property for a private use, and if it is attempting to do so, this proceeding was properly instituted under the Act of June 19, 1871, P. L. 1360.

After the appellant had surveyed and located the route of its road from one terminus to the other, and had completed six miles, up to the line of appellees' lands, it was halted by them for the reason given. As evidence of its right to continue its road through their lands it presented its letters patent, authorizing it, upon securing them for damages, to occupy their lands, and this right cannot be interfered with, if it was about to be exercised for the purpose for which it had been conferred. If, on the other hand, under its right of eminent domain, the company is about to take private property, not for a public, but for a private use, the appellees are entitled to relief by injunction to be awarded under the act of June 19, 1871, for the charter of the company cannot be perverted to accomplish objects for which it was not granted. But conferring, as it does, the right of eminent domain upon the appellant, which has surveyed and located the route of its road and built three-sevenths of it, the burden of showing that the company is exercising franchises that it does not possess is upon those alleging that it is attempting to do what it is not authorized to do—constructing a railroad for purely private purposes. If this clearly appears, it will be regarded as a perversion of the commonwealth's charter, which will not be permitted. In the two cases on which the court below relied as authority for issuing its injunction—McCandless's Appeal, 70 Pa. 210, and Edgewood Railroad Company's Appeal, 79 Pa. 257—this clearly appeared. In the first case we said the railroad was " clearly intended solely for the use " of the mill and machinery of Rhodes, and in it " the public could have no advantage whatever." In the second it was clear that the road was intended to carry the coal of the Hampton company, and " nothing else." Does it clearly appear that this road is to serve only a private use?

The averment of the bill that the appellant was incorporated for private use, and is not intended for any public use, or for the transportation of persons and property generally over the

road, is met not only with a denial in the answer, but with the
distinct averment, " The company was incorporated for the
purpose of constructing, maintaining and operating their rail-
road for public use in the conveyance of persons and prop-
erty." Two of the seven affidavits filed by the plaintiffs were
made by Elias Deemer and John H. Hunt, the plaintiffs, and
are but a reiteration of what appears in their bill. In no one
of the other five is there a distinct averment that the railroad
is not intended for public use. In the affidavit of John
Morgan there is an averment " that there are no villages, com-
munities or settlements along the proposed line of said Bells
Run Railroad, and no mineral developments to the best of
deponent's information and belief; that it is a country yet to
be opened up and developed, and, as deponent believes, there
is no occasion there for other than a logging railroad for lum-
bering purposes." The other affidavits filed by the plaintiffs
are devoted chiefly to the injury they will suffer by the con-
struction of the railroad through their lands. They themselves
aver that they object to this or any other railroad going
through them. Ten affidavits were filed by the defendant.
Among them, those of William Emery, George B. Merrill and
John C. Merrill aver distinctly that the charter for the road
had been obtained solely and entirely for public use and for
the general transportation of persons and property. These
three affidavits, taken in connection with the other seven filed
by the defendant, ought to have prevented a finding by the
court that the railroad company was clearly taking private
property for private use; and without such a finding the
right of eminent domain, clearly conferred upon the appellant,
is not to be swept away. There is no presumption that it is
abusing its charter, or that, under cover of the same, it is
attempting to exercise franchises which it does not possess.
The presumption is otherwise. It is authorized to locate and
build a railroad and, in doing so, to take private property for
its public purpose. It has located and is building a railroad,
but is stopped by the learned court below because the evi-
dence shows " that the territory between the Dent's Run Rail-
road and the Philadelphia and Erie Railroad, along the pro-
posed location of said Bells Run Railroad, is unimproved land
and consists chiefly of timber land and land from which the

timber has been more or less cut; that there are no villages, communities or settlements along said proposed line of the Bells Run Railroad and no mineral development; there are no stations at the termini of the said railroad and there will be no passengers to convey upon it." This is a strange reason for denying to the appellant the right to exercise its corporate franchises. To develop undeveloped regions is one of the objects to be attained by railroads, and the tracks of many of them have first been laid in the wilderness. In time there are settlements along them, villages appear and stations are established as needed. What development may result from the construction of this railroad remains to be seen, but one of its corporate rights is the right to try to develop the country through which it has located its route, and this right is not to be summarily taken away from it.

We do not, as a rule, interfere with the interlocutory action of the court below "unless clearly erroneous and immediately injurious to the appellant:" Western New York & Pennsylvania Railway Company v. Buffalo, Rochester & Pittsburg Railway Company, 193 Pa. 127. This case is within the exception to the rule and calls for our interference. The decree is reversed and the preliminary injunction awarded is dissolved, the costs on this appeal to be paid by the appellees.