Peifly, Appellant, v. Mountain Water Supply Company.

*Corporations—Water companies—Eminent domain—Preliminary injunction—Equity.*

A water company chartered under clause 18 of the second class in section 2, of the Act of April 29, 1874, P. L. 73, is presumably a corporation for private uses which cannot constitutionally be invested with the right of eminent domain. If such a company attempts to condemn land, it will be restrained by preliminary injunction until the facts and rights of the parties are shown upon full hearing.

Argued Feb. 26, 1906. Reargued March 5, 1906. Appeal, No. 350, Jan. T., 1906, by plaintiff, from decree of C. P. Fayette Co., No. 470, in Equity, refusing to grant a preliminary injunction in case of Frank Peifly v. The Mountain Water

Supply Company.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ., on reargument.   Reversed.

Bill in equity for an injunction.

From the record it appeared that the second clause of the defendant company's charter was as follows:

" 2. Said corporation is formed for the purpose of storing, transporting and furnishing of water with the right to take rivulets and land and erect reservoirs for holding water for manufacturing and other purposes and for the creation, establishing, furnishing, transmission and using of water power therefrom and of acquiring all the rights, powers and privileges conferred upon corporations for said purposes as described in the eighteenth paragraph of the second section of the said act of April 29, 1874, and the supplements thereto."

The plaintiff moved for a preliminary injunction filing in support thereof an affidavit of George Hantz which was in substance as follows:

" That he is a resident of Connellsville township, Fayette county, and familiar with the location of the property of Frank Peifly, therein located, and knows of the trespass and threatening encroachment thereon, of the Mountain Water Supply Company, and that the said company, by its agents and employees, has entered upon said tract of land and cut down and are cutting down locust, oak, maple and other kinds of trees thereon and injuring and destroying the same.

" That the said company threatens to place thereon, large pipes and also to dig, excavate and tear up the soil and prepare trenches to place said pipes therein and is about to take possession and appropriate a portion of said land for said pipe line, without any authority, as he is advised and believes.   That said acts of trespass are of a continuing nature and said defendant is doing and threatening to do irreparable injury to the said property, by said acts.   That the said trespass and appropriation for said pipe line purposes, will work serious and irreparable injury to the property of the plaintiff "

The court entered a decree refusing a preliminary injunction.

*Error assigned* was the decree of the court.

*John E. Kunkle,* with him *D. W. McDonald, J. R. Cray* and *Edward E. Robbins,* for appellant.—If, under its right of eminent domain, the company is about to take private property, not for a public but for a private use, the appellees are entitled to relief by injunction to be awarded under the Act of June 19, 1871, P. L. 1,360, for the charter of the company cannot be perverted to accomplish objects for which it was not granted. It possesses no franchise to take private property for a private use : Deemer v. Bells Run R. R. Co., 212 Pa. 491.

The office of a preliminary injunction is to maintain the existing status until the merits of the controversy can be fully heard and determined : Fredericks v. Huber, 180 Pa. 572.

Under the allegations in the bill and answer the preliminary injunction should have been issued.

*Edward H. Hall,* with him *R. W. Playford* and *Hannis, Williams & Bunting,* for appellee.

Per Curiam, March 12, 1906 :

The Mountain Water Supply Company being chartered under clause 18 of the second class in section 2 of the Act of April 29, 1874, P. L. 73, is presumably a corporation for private uses which cannot constitutionally be invested with the right of eminent domain.   The appellant, therefore, is entitled to protection from interference with his property by the maintenance of the status quo until the facts and the rights of the parties are shown upon full hearing.

The decree is therefore reversed and an injunction directed to be awarded as prayed.