# Vinton Colliery Company, Appellant, *v.* Blacklick & Yellow Creek Railroad Company.

*Railroads—Condemnation of land—Public use—Private use—Equity.*

1. A bill in equity to restrain a railroad company incorporated under the Act of April 4, 1868, P. L. 62, from condemning land, on the ground that the land was intended for a purely private, and not a public use, is properly dismissed, where the court finds from sufficient evidence that it was the intent and purpose of the incorporators of the defendant company to complete, equip and operate its railroad as required by law, and that public necessity demands the construction and operation of the road.

2. Questions growing out of the exercise of the powers granted to a corporation cannot be raised in a proceeding under the Act of June 19, 1871, P. L. 1360, under which act the inquiry is always limited to a consideration of the question, Does the corporation possess the power to do what it is attempting to do, and not whether it is exercising its power in an improper manner.

Argued Oct. 5, 1909. Appeal, No. 50, Oct. T., 1909, by plaintiff, from decree of C. P. Cambria Co., June T., 1908, No. 3, dismissing bill in equity in case of The Vinton Colliery Company *v.* The Blacklick & Yellow Creek Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an injunction.

O'CONNOR, P. J., found the facts to be as follows:

The above-named defendant is duly incorporated and organized as a railroad company under the act of April 4, 1868, and its supplements.

The complainant is a corporation organized for the purpose of acquiring and mining coal and has large holdings in the counties of Cambria and Indiana, state of Pennsylvania.

The defendant company is seeking to condemn land for right of way for a railroad already constructed and in operation upon the site sought to be thus legally acquired.

That portion of the railroad in question which passes over

land of plaintiff was constructed as a lateral railroad by the Vinton Lumber Company, Limited, and is covered by the adopted route for defendant's railroad.

The plaintiff seeks to restrain the defendant company from condemning, first, for the reason that it does not affirmatively appear that it possesses the right of eminent domain; and second, that the petition does not aver the necessity for such action. The plaintiff, however, admits, in the second paragraph of its bill, that the defendant company is incorporated under the act of April 4, 1868, and its supplements, for the purpose of constructing and operating a railroad. If this be true it has the right of eminent domain and the court is relieved from further consideration thereof.

We find that the stockholders in the Vinton Lumber Company, Limited, and those of the defendant company are not identical, though if it be the desire of those holding stock in the former company to obtain stock in the defendant company, they will be accorded that privilege.

We further find that it is the intent and purpose of the incorporators of defendant company to complete, equip, and operate its railroad as required by law.

The Pennsylvania Railroad Company had an option to take over the lateral railroad of the Vinton Lumber Company, Limited, and establish it as one of its branches. This option but recently expired.

The Vinton Lumber Company, Limited, had agreed with the defendant company to finance the building of its road, operate it during the construction period and settle with the defendant company when the way to do so became clear. The option of the Pennsylvania Railroad Company having terminated, the beginning of the end was in sight and at once defendant company became active. Condemnation proceedings were begun; negotiations looking toward the purchase of the rails owned by the Pennsylvania Railroad Company were opened, and generally a movement toward a complete acquirement of all that was necessary for defendant's complete control and operation of the road was made.

Plaintiff filed exceptions to the condemnation proceedings,

which were disposed of in the court where filed, and then filed in this court to the above number and term the bill in equity upon which this proceeding is based.

The only ground upon which this court could take cognizance of the complaint was the allegation that the proceeding was an unlawful attempt to procure plaintiff's land for a private use under the guise of a railroad charter. All other matters, facts and circumstances alleged were urged as grounds supporting this allegation.

From the pleadings, the testimony and arguments upon part of plaintiff we are asked to find as a fact that the action complained of is an attempt on part of the Vinton Lumber Company, Limited, to procure a railroad for its private use under the cloak of defendant's charter.

We find from the evidence, however, that the operations of the Vinton Lumber Company, Limited, have ceased in this region and as a lumber company it has no further use for this road.

We find that public necessity demands the construction and operation of this road.

We find that both passenger and freight trains are being used upon this railroad, and that a regular passenger schedule had been adopted prior to the hearing in this cause.

The testimony of Mr. Lee and others called as witnesses upon the hearing fully explains away the seeming doubtful actions on part of defendant company, and has satisfied this court that even the plaintiff will get what it asserted it desired, viz.: A railroad which will in a true sense be a common carrier.

It follows from the foregoing that the bill filed in the premises should be dismissed at costs of complainant, and unless exceptions to such finding be filed within ten days a formal order to that effect will be made.

*Error assigned* was decree dismissing the bill.

*J. C. Davies* and *H. S. Endsley*, with them *John A. Scott* and *S. L. Reed*, for appellant.—Under the act of June 19, 1871, a court of equity has jurisdiction to inquire whether a railroad

chartered under the act of 1868 possesses the franchises it claims—and if not, injunction is the appropriate remedy for the wrong: McCandless's App., 70 Pa. 210; Edgewood R. R. Co.'s App., 79 Pa. 257; Deemer v. Bells Run R. R. Co., 212 Pa. 491; Rochester & Pittsburg Coal & Iron Co. v. Berwind-White Coal Mining Co., 24 Pa. C. C. Rep. 104; Heine v. Columbia & Port Deposit R. R. Co. et al., 24 Lanc. Law Review, 9; Mory v. Railroad Co., 199 Pa. 152.

*David L. Krebs*, with him *M. D. Kittell*, for appellee.— Under the law as laid down by the Supreme Court, the burden rests upon the party seeking to show that a railroad company incorporated under the act of 1868 does not lawfully possess the power of eminent domain, and in order to make out its case the plaintiff must show that the railroad company was organized for a private, not a public purpose: Windsor Glass Co. v. Carnegie Co., 204 Pa. 459; Deemer v. Bells Run R. R. Co., 212 Pa. 491; Heine v. Railroad Co., 24 Lanc. Law Review, 9.

OPINION BY MR. JUSTICE ELKIN, January 3, 1910:

This bill was filed to restrain the appellee railroad company, incorporated under the act of 1868, from taking lands of appellant under condemnation proceedings, because, as alleged, the right of eminent domain sought to be exercised was not for a public use, but for a purely private purpose. The right to thus proceed in equity is claimed under the act of 1871 and the authority of McCandless's App., 70 Pa. 210; Edgewood Railroad Company's App., 79 Pa. 257; Mory v. Railroad Company, 199 Pa. 152, and Deemer v. Bells Run Railroad Company, 212 Pa. 491. It is true equity jurisdiction was sustained in these cases for the general purpose stated, but solely upon the ground that the corporations in question, while possessing under their charter powers the right to appropriate lands for public uses, in point of fact were undertaking to condemn land for private purposes. The cases cited have gone this far and no farther. The charter powers of a corporation cannot be attacked in this manner, but must be inquired into in a proper proceeding to which the commonwealth is a party.

This is the ruling principle of all the cases. The appellee is a railroad incorporated as a public service corporation and under its charter powers possesses the right of eminent domain. It may be compelled by law to perform its duties as a common carrier, and in a proper case its franchises may be forfeited for failure to do so. Questions growing out of the exercise of the powers granted cannot be raised in a proceeding under the Act of June 19, 1871, P. L. 1360, under which the inquiry is always limited to a consideration of the question, Does the corporation possess the power to do what it is attempting to do, and not whether it is exercising its powers in an improper manner. In the present case the appellee company has the prima facie right under its charter powers to do everything it is attempting to do, including the condemnation of lands for public use. When the railroad is completed and in operation, if it refuses to carry passengers, or to haul freight, or otherwise fails to perform its duties to the public, proceedings may and no doubt will be instituted to enforce these common-carrier obligations. In the present proceeding these questions do not arise except in an incidental way, and the inquiry relates solely to the use for which the land condemned is to be taken. If for a public use, the right of eminent domain attaches; if for a private purpose, no such power can be asserted against a landowner. The learned court below has found as a fact, "that it is the intent and purpose of the incorporators of defendant company to complete, equip and operate its railroad as required by law," and that "public necessity demands the construction and operation of this road." If these facts be true it necessarily follows that the use is a public one. This is an end of the case unless it should now be determined that there was manifest error in the findings and conclusions stated in the opinion of the court below, and we find no warrant for so holding. Many of the assignments relate to the financing and management of the railroad by the lumber company during the period of construction and in the early stages of the enterprise, but these matters at most are only incidental to the real question involved, which is, Has the defendant company by whomsoever owned and operated, constructed a

railroad, or is it constructing one for public use as a common carrier? The finding of the learned court below settles this question, and we see no sufficient reason to disturb it.

Decree affirmed at the cost of appellant.