COLGATE v. PHILADELPHIA ELECTRIC POWER CO. et al.

District Court, E. D. Pennsylvania. June 24, 1927.

No. 4071.

1. **Eminent domain** ⬤══288(1)—**Suit to enjoin public service corporation's exercise of power of eminent domain held not premature.**

Property owner's suit against public service corporation and others to enjoin proposed taking of property under power of eminent domain *held* not prematurely brought.

2. **Eminent domain** ⬤══35, 274(1)—**Taking of Pennsylvania land for overflow purposes of dam in Maryland held taking for Pennsylvania public use, not to be enjoined.**

Taking of land in Pennsylvania to be used for overflow purposes of a dam in Maryland, with avowed purpose to serve Pennsylvania public, *held* a taking for a Pennsylvania public use, and not to be enjoined.

3. **Eminent domain** ⬤══325—**If public use for which property was taken ends, or property is not so used, title reverts to former owner.**

If public use for which property is taken ends, or for any reason it is not so used, title reverts to the former owner.

4. **Eminent domain** ⬤══324—**Owner of property taken for public use may recover possession by action in ejectment, if attempt is made to divert property to private or other use.**

Where there is any attempt to make other than the public use for which property was taken, or to divert it to private or other use, the owner may recover possession by an appropriate action in ejectment.

In Equity. Suit for injunction by James C. Colgate against the Philadelphia Electric Power Company and others. Sur motion for a preliminary injunction, and sur motion to dismiss bill. Bill dismissed.

Townsend, Elliott & Munson, of Philadelphia, Pa., E. J. Dimock, of New York City, and Benjamin C. Atlee, of Lancaster, Pa., for plaintiff.

William Clarke Mason and A. Allen Woodruff, both of Philadelphia, Pa., and Ralph J. Baker, of Harrisburg, Pa., for defendant Philadelphia Electric Power Co.

Thomas J. Baldrige, Atty. Gen., for the Commonwealth of Pennsylvania.

W. Y. Blanning and John Fox Weiss, both of Harrisburg, Pa., for Public Service Commission of Pennsylvania.

Before DAVIS, Circuit Judge, and DICKINSON and KIRKPATRICK, District Judges.

DICKINSON, District Judge. The conclusion reached is that the bill filed in this case should be dismissed, which, of course, carries with it a denial of the motion for a preliminary injunction.

## Discussion.

The arguments addressed to us on behalf of the respective parties have been of such clarity, fairness, and fullness that there is no need of a prolonged discussion of the merits of this bill. It is the due, however, of counsel whose abilities and industry have thus lightened our labors that we make a statement of some of the reasons which have led us to the conclusion reached.

The complaint of the plaintiff is directed against a corporation which is moving to exercise the power of eminent domain committed to it by the laws of Pennsylvania, and includes the public bodies without whose sanction the power cannot be exercised. It is because of the inclusion of these latter defendants that the cause has been heard before the specially constituted court created by section 266 of the Judicial Code and the amendments thereof. The gravamen of the complaint is that the possession of the lands of the plaintiff, unless he has the right to the protection of the court, will be taken from him through condemnation proceedings. It has been urged upon us, in effect, that it is the encroachment upon the rights of the plaintiff as owner of the lands to be condemned out of which his cause of action, if any, arises, and that the proceedings before, and any action which may be taken by, the public bodies concerned, are not the condemnation which will alone injure the plaintiff, if he is injured, but are merely the preliminary steps and compliance with a condition precedent to the possession and exercise of the power of eminent domain by the corporation defendant which may (but necessarily need not) be followed by condemnation. It is asserted to follow as a consequence that the defendants, other than the corporation defendant referred to, have no place in this proceeding.

In view of the conclusion reached that the bill discloses no cause of action, it is needless to pursue the discussion pro and con of the proposition advanced. There is likewise no need to discuss the further thought suggested (although no point is made of it) that, if the defendants referred to as public bodies are out of the case, the occasion for the cause being determined by this specially constituted court vanishes, because all the parties have expressly waived the question of jurisdiction, if there be any. Whether the decree to be entered is that of this spe-

cially constituted court, or of the District Court in which the bill is filed, is of no moment in the situation now presented.

[1] The question of whether the bill has been prematurely brought against the corporation defendant we dispose of in the statement that it has not. The injunction must issue, if at all, before condemnation. The right to condemn cannot be raised at the trial following a condemnation. Such trial is merely of a feigned issue, to determine solely the quantum of compensation.

[2] This brings us to the real question before us. We are indebted to the frank admission of the very competent counsel for plaintiff for the opportunity of going directly to this real question. The admission is that, were this the case of the taking of the lands of the plaintiff for a Pennsylvania public use, the lawful right to condemn, and compliance with all the statutory requirements, would be present. As it is, the lands are in Pennsylvania. They are to be taken for the overflow purposes of a dam in Maryland. This dam is to supply water power to an electric generating plant, which is likewise in Maryland. The plaintiff's lands, as he views it, are in consequence to be taken by a Pennsylvania corporation, having the right to the exercise of the power of eminent domain, for public uses here for the benefit of a Maryland corporation, serving a Maryland public. This it is confidently asserted cannot lawfully be done.

The defendant corporation is, however, one of that class of corporations which goes by the descriptive name of a public service corporation. It is created for the purpose of the supply of light, heat, and power to the public. It must have land to enable it to serve this public use. It may therefore have conferred upon it the power of eminent domain, as has been conferred, to be exercised under the conditions with which there has been or will be a compliance before the power can be exercised. A generating plant is required; this of like necessity calls for a dam. The available site happens to be in Maryland. A Maryland corporation was, because of this, created to do what was required to be done in Maryland; but the fact remains that the plaintiff's lands are none the less being taken for the at least avowed purpose of a public use to serve the Pennsylvania public. Such a use is necessarily, in this as in all cases of the taking of private lands, a prospective use. No court could restrain the taking otherwise than by a finding that the avowed public use was not a public use. This finding we could not now make.

The ultimate right to lands in Pennsylvania is in the commonwealth. It may resume its possession and control of them when the lands are required for public use. The Constitution of the state recognizes this reserved power to take. The people have voluntarily imposed upon themselves a condition, without compliance with which the power cannot be exercised. This condition is imposed by that provision of the Constitution which is to the effect that private property cannot be taken for public use without just compensation, paid or secured to be paid. There is no other condition than that of compensation, and no averment in this bill of a failure to comply with this. In theory, as well as in very practical effect, no property owner is deprived of his ownership by a taking by a corporation through the exercise of the power of eminent domain.

[3, 4] The title acquired by the taker is a base fee. The possession is for the public use, and for that alone. If the use ends, or for any reason the land is not so used, the title reverts to the former owner. If there is any attempt to make other than the public use for which taken, or to divert the property to a private or other use, the owner may recover possession by an appropriate action in ejectment. It is thus clear that the plaintiff suffers no legal injury, nor any irreparable damage, by the exercise of the power of eminent domain for an avowed public use.

We feel no call to consider the federal questions discussed, nor to take into account what may be termed the question of federal license. The cases to which we have been referred need not be discussed, because they are in accord with the conclusion reached. Among those cited are Darlington v. United States, 82 Pa. 382, 22 Am. Rep. 766; Twelfth Street Market Co. v. Phila. & R. Co., 142 Pa. 580, 21 A. 902, 989; Cavanaugh v. Looney, 248 U. S. 453, 39 S. Ct. 142, 63 L. Ed. 354; Bly v. Water Co., 197 Pa. 80, 46 A. 929; Johnston v. R. Co., 245 Pa. 338, 91 A. 618; Magruder v. Belle Fourche (C. C. A.) 219 F. 72; Osborne v. R. Co., 147 U. S. 248, 13 S. Ct. 299, 37 L. Ed. 155; Bass v. R. Co. (C. C. A.) 82 F. 857, 39 L. R. A. 711; Bigler v. Canal, 177 Pa. 28, 35 A. 112; Kohl v. United States, 91 U. S. 367, 23 L. Ed. 449; In re Townsend, 39 N. Y. 171.

An appropriate decree may be submitted.