## C. P. Struse & Sons, Inc., v. Reading Company.

Rambo, Rambo & Mair, for plaintiff.
Glenn C. Mead and William J. Graham, for defendant.

Martin, P. J., July 10, 1929. — Plaintiff filed a bill in equity to restrain defendant from condemning land belonging to plaintiff for a branch railroad or siding to connect with the plant of Sears, Roebuck and Company.

The bill described the land, which is situated in the 35th Ward of the City of Philadelphia, and avers that the defendant filed a petition alleging that it

is authorized to acquire land by eminent domain for railroad purposes; that, pursuant to a resolution duly adopted, the defendant desires to enter upon, take and appropriate a strip of ground particularly described in the petition, to construct a lateral or branch railroad; that defendant endeavored to agree, but cannot agree, with the owner upon the consideration to be paid for the damage done in the course of taking and appropriating the land; and that the holder of the legal title to the land, who holds in trust for plaintiff, has refused to accept the bond of defendant conditioned for the payment of damages to be awarded for taking the land.

It is averred that plaintiff is operating a brick manufacturing plant on adjoining land, and that the ground proposed to be taken comprises all the ground owned by plaintiff on its northwesterly line and fronting on the Pennsylvania Railroad; that if the taking is permitted, it will destroy plaintiff's entire Pennsylvania Railroad frontage; that defendant, under guise of exercising its power of eminent domain to construct a branch railroad, is attempting to employ the right in constructing a private siding for the sole benefit of Sears, Roebuck and Company, and not for public use.

It is also averred that the defendant has a connecting siding from its line to Sears, Roebuck and Company, but that Sears, Roebuck and Company made large improvements and extensions to their property, which cut out the siding they formerly used .

The bill prays that it be taken and considered as an answer to the petition filed by defendant, and that an injunction be granted restraining the defendant from taking the ground described in the petition and in the first paragraph of the bill, and for other and further relief.

An answer was filed by defendant which denies that the taking is to build a private siding, but avers that the purpose is to build a branch railroad in which the public is interested and for public use.

The defendant offered in the answer to provide plaintiff's land with adequate access to the Pennsylvania Railroad, and expressed a willingness to enter into a written stipulation therefor.

The question raised by the pleadings is whether the land proposed to be taken by the defendant is for a branch railroad, for public use, or for a private siding.

### Findings of fact.

From the evidence submitted and the admissions of the pleadings, the court finds the following facts:

1. The plaintiff is the owner of a tract of land situated in the 35th Ward of the City of Philadelphia, containing thirty-six acres, upon which it has erected and is operating a brick manufacturing plant.

2. Defendant is a corporation vested with the right of eminent domain.

3. The defendant filed a petition and bond for condemnation of a strip of land belonging to plaintiff, described in the petition and bill as containing ninety-one one-hundredths of an acre, for constructing a track to connect the Philadelphia & Frankford Branch of the Reading Company with the merchandising plant of Sears, Roebuck and Company.

4. A siding or track connected the railroad of defendant with the plant of Sears, Roebuck and Company, but extensions and improvements by Sears, Roebuck and Company resulted in taking up the track and a demand for a new connection on a different location.

5. The main tracks of the defendant are nineteen feet above the level of the Pennsylvania Railroad tracks, which are also connected with the plant of

Sears, Roebuck and Company, and it is to be arranged that the tracks of both companies will connect on the same level with the same building of Sears, Roebuck and Company.

6. The condemnation will take the only portion of plaintiff's land that abuts on the Pennsylvania Railroad.

7. The contemplated improvements embrace the construction of a connecting link between the Pennsylvania and Reading tracks, which will enable plaintiff to reach the Pennsylvania Railroad tracks through this link and the tracks of the defendant. Defendant in its answer offered to provide means whereby plaintiff may have access to the Pennsylvania Railroad, and is willing to enter into a written stipulation therefor.

8. Sears, Roebuck and Company conduct a merchandising business, largely by mail order, with a floor space of forty-three acres, and employ 4500 to 5000 people. Goods are shipped to the plant from all parts of the United States, and shipments from the plant are made to states along the Atlantic seaboard and other states. The plant serves 1,750,000 customers. During the year 1928, 3977 carloads of merchandise were received over the Reading tracks, and 2499 cars were shipped over these tracks from the plant, exclusive of articles sent by parcel post. The outbound invoices or waybills for the year numbered 113,270, and the inbound waybills during the same period 226,540.

## Discussion.

The bill was filed under the provisions of the Act of June 19, 1871, P. L. 1360, and the relief prayed for should be granted if the defendant in the condemnation proceedings is taking the land for a private instead of a public use; for the building of a private siding instead of a branch railroad.

In Pioneer Coal Co. *v.* Cherrytree & D. R. R. Co., 272 Pa. 43, it was said by the Chief Justice (at page 51) : "If defendant, under the guise of an exercise of its power to construct a branch, is using its right of eminent domain for the purpose of constructing a mere private siding not for public use, the Act of 1871 was properly invoked."

It was held that matters of procedure and questions of their regularity are to be raised in the condemnation proceeding and not by way of bill in equity under the Act of 1871, and that the remedy contemplated by the act is applied where corporations proceed to condemn without power or in excess of their power; and that "it is not the special use made of a section of a road that classes it as a part of the public road, but its convenient necessity to that part which is undeniably for public use."

The fact that the proposed tracks only connect defendant's main line with the plant of Sears, Roebuck and Company is not the determining factor in concluding whether it is a branch railroad or a private siding . The question should be determined by a consideration of the service which will be rendered to others than Sears, Roebuck and Company by the proposed track. The business of Sears, Roebuck and Company involves thousands of people, who, during the year 1928, sent merchandise which filled 3977 freight cars to the plant and thousands of people who purchased their goods and received deliveries over the Reading tracks by 3499 cars during the year. This is evidence of a public use in connection with the operation of the business of defendant's railroad, which involves service to people shipping and receiving goods from the plant over the Reading road.

In Pioneer Coal Co. *v.* Cherrytree & D. R. R. Co., *supra*, the branch road or siding extended to only one coal company's property, but it was held that the interest of the public in the output of this mine was sufficient to give the

468

contemplated extension the character of a branch railroad rather than a private siding and justified the condemnation of the land for a public use.

The question does not depend upon the kind of merchandise to be carried over the contemplated extension, but whether or not there is to be a user by others than those to whose plant the track runs, so that the public, or a part of the public, may be said to be interested.

### Conclusions of law.

1. The proposed condemnation of the land of plaintiff by the defendant is for the purpose of a branch railroad for public use.

2. The proposed condemnation of the land of plaintiff by the defendant is not for a private siding or for private use.

3. The bill of complaint should be dismissed.

4. Plaintiff to pay the costs.

Of the twenty-two requests for findings of fact presented on behalf of plaintiff, the 1st, 2nd, 3rd, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 12th, 13th, 14th, 15th, 16th, 18th, 21st and 22nd are affirmed. ' The 11th, 17th, 19th and 20th are refused.

Of the three requests for conclusions of law presented on behalf of plaintiff, all are refused.

Of the twenty-five requests for ·findings of fact presented on behalf of defendant, all are affirmed.

Of the seven requests for conclusions of law presented on behalf of defendant, all are affirmed.

### Decree nisi.

And now, upon consideration of the foregoing case, it is ordered, adjudged and decreed as follows:

1. The bill of complaint is dismissed, and plaintiff is directed to pay the costs.

2. The prothonotary is directed to give notice to the parties or to their counsel of record of the entry of this decree nisi.