**FRANK MASHUDA COMPANY, a Partnership, and Frank Mashuda, Stanley Mashuda, Bernie Mashuda and Josephine Mashuda, Partners, Appellants,**

v.

**COUNTY OF ALLEGHENY and Martin W. Wise, Inc.**

**Nos. 12434 and 12435.**

United States Court of Appeals
Third Circuit.

Argued April 17, 1958.

Decided June 10, 1958.

Rehearing Denied July 10, 1958.

Harold R. Schmidt, Pittsburgh, Pa. (Frank L. Jones, Jr., Rose, Rose & Houston, Pittsburgh, Pa., on the brief), for appellants.

Francis A. Barry, Pittsburgh, Pa. (Nathaniel K. Beck, County Sol., Maurice Louik First Asst. County Sol., Philip Baskin, Asst. County Sol., Pittsburgh, Pa., on the brief), for appellees.

Before GOODRICH, McLAUGHLIN and STALEY, Circuit Judges.

GOODRICH, Circuit Judge.

■ This is an appeal from a judgment for the defendant entered on a motion to dismiss an action by which the plaintiffs sought an adjudication of the propriety of an eminent domain proceeding. Since the judgment was rendered without a hearing on the facts, we take the plaintiffs' allegations as true for the purpose of this appeal.

The plaintiffs, citizens of Wisconsin, own land adjacent to the Greater Pittsburgh Airport which is located in Allegheny County, Pennsylvania. On June 16, 1955, the County purported to condemn plaintiffs' land for the alleged purpose of establishing and maintaining air navigation and terminal facilities at the airport.[1] Viewers were appointed to assess compensation. The viewers reported and both the County and the plaintiffs took an appeal to the Court of Common Pleas for Allegheny County.[2] In the meantime the County had leased a part of the property condemned to Martin W. Wise, Inc., a Pennsylvania corporation engaged in general contracting, for the purpose of storing its tools and heavy equipment thereon.

On May 3, 1957, the plaintiffs brought this action in the United States District Court for the Western District of Pennsylvania suing the County of Allegheny and Martin W. Wise, Inc., federal jurisdiction being based on diversity of citizenship. The basis of the complaint is that the land was not condemned for a public purpose and, therefore, the taking is invalid. The plaintiffs allege that at the time of the condemnation the County had not formulated a plan to utilize the property for the purposes stated and has not to the present initiated any substantial steps to implement a program with such a goal. Instead, it is claimed, the County's sole purpose was to permit the private use of the lots by Wise which, in any event, has been the only result of the taking so far. A judgment of ouster and damages is demanded. In the alternative, plaintiffs, in the district court, sought an order restraining the County from proceeding further, a reconveyance of the title of the land to the plaintiffs and a cancellation of the lease to Wise. The district judge, although recognizing his jurisdiction in the case, dismissed the complaint expressing a disinclination to interfere with the state condemnation procedure.

The point which has most concerned us about this case is the manner of attacking, under Pennsylvania law, the propriety of a purported exercise of the power of eminent domain. All through the sections of the statute cited above there is a rather particularized method of appointing viewers, having them report, fixing the damages and so on. There is nothing in those sections which we can see which talks about anything but the fixing of the amount of damages. Inspection of the plaintiffs' petition in the Common Pleas Court of Allegheny County shows only a claim that the amount awarded by the viewers was inadequate. Indeed, the District Court for the Eastern District of Pennsylvania has said, "The right to condemn cannot be raised at the trial following a condemnation. Such trial is merely of a feigned issue, to determine solely the quantum of compensation." Colgate v. Philadelphia Elec. Power Co., D.C., E.D.Pa.1928, 20 F.2d 263, 264. Cf. Lehigh & New England R. Petition, Pa.C.P.1899, 7 North. 77.

---

1. The authority for condemnation for airport purposes is found in Pa.Stat.Ann. tit. 16, § 5402(c) (Purdon 1956).

2. This procedure is in accordance with id. §§ 5601–33.

The plaintiffs have cited a line of decisions in which an independent action has been maintained to test the validity of condemnation proceedings. We find the cases to be in point. Spann v. Joint Board of School Directors, 1955, 381 Pa. 338, 113 A.2d 281; Colove v. Borough of Robesonia, 1950, 364 Pa. 626, 73 A.2d 679; Pioneer Coal Co. v. Cherrytree and D. R., 1922, 272 Pa. 43, 116 A. 45; Philadelphia Clay Co. v. York Clay Co., 1913, 241 Pa. 305, 88 A. 487; Vinton Colliery Co. v. Blacklick & Y. C. R., 1910, 226 Pa. 131, 75 A. 185; Caruthers v. Peoples Natural Gas Co., 1944, 155 Pa.Super. 332, 38 A.2d 713; C. P. Struse & Sons, Inc., v. Reading Co., Phila.Co.C.P.1929, 12 Pa. D. & C. 465; Youghiogeny River Coal Co. v. Robertson, Alleg.Co.C.P. 1892, 1 Pa.Dist. 809. A statutory foundation for the procedure followed in these cases may be found in Pa.Stat.Ann. tit. 12, § 1315 (Purdon 1953).

These authorities establish the propriety, if not the necessity, of testing the validity of a condemnation in a proceeding in the Pennsylvania courts independent of that in which compensation is awarded. We think an equal jurisdiction lies in the federal district court assuming that the required diversity exists as it does here. See Madisonville Traction Co. v. St. Bernard Mining Co., 1905, 196 U.S. 239, 25 S.Ct. 251, 49 L.Ed. 462. We do not find merit in any of the arguments presented by the County for not accepting that jurisdiction.

In the first place there is no conflict here with 28 U.S.C. § 2283. That section has to do with "injunction to stay proceedings in a State court." However, plaintiffs do not press before us their alternative theory of relief in the nature of a restraining order. They do stress their remedies at law, especially ejectment, which do not have the same preventive effect on the state court proceedings.

Moreover, since the question involved before the federal court need not, and perhaps cannot, be raised in the pending state action, the exercise of diversity jurisdiction here will not directly interfere with the Common Pleas Court's handling of its case. True, if the plaintiffs are successful in attacking the validity of the purported condemnation, there will no longer be a need for an adjudication of damages, because there will be no damages. But that is nothing more than would occur as a result of taking the same steps in a state court. Furthermore, we see no inconsistency in the plaintiffs complaining about the amount of damages awarded by the viewers in the Common Pleas court in Pittsburgh and at the same time attacking, in a separate federal proceeding, the legality of what the County has done.

The fact that the plaintiffs waited two and a half years after the resolution of condemnation before attacking its legality does not, of itself, bar them from relief because of laches. It seems to us to make the case stronger because they waited a time to see what use the County was either making or planning to make of the land.

Our conclusion is that the federal court has jurisdiction to entertain the suit brought in this case and the plaintiffs are entitled to a trial on their allegations of fact.

The judgment of the district court will be reversed and the case remanded for further proceedings not inconsistent with this opinion.

PER CURIAM.

Counsel for Allegheny County have based their petition for rehearing largely on a decision by the Supreme Court of Pennsylvania on June 3, 1958, in the case of Gardner v. County of Allegheny, Pa., 142 A.2d 187. The Court has examined that decision with great care and is unanimously of the conclusion that it does not control or even assist in the decision of this case. The petition for rehearing is, therefore, denied.