## O'Hara & Darlington *versus* The Pennsylvania Railroad Company.
## O'Hara *versus* The Same.

Under the Acts of Assembly regulating the manner in which the damages done to the owners of land, taken or appropriated by the Pennsylvania Railroad Company for depots, water stations, and other uses, shall be assessed—before the Court can grant a view on the petition of the company, it must appear: ·

That the company have located, marked, and surveyed the land they deem necessary, or propose to take.

That they have made an effort to agree with the owner for the compensation.

The statement of these matters in the petition is not sufficient; they must at least be verified by affidavit.

A report of viewers which does not set forth the character of the ground taken, its figure, and the advantages or disadvantages to the owners, and whether the land taken, or any and what part of it, is necessary for the use of the company, is not in accordance with the law and will be set aside.

Where the landowners have no notice of the application for the appointment of viewers, the objection to the preliminary proceedings, and to the petition, are in time, if made after the report of viewers is returned.

CERTIORARI to the Common Pleas of *Allegheny county.*

This was a proceeding at the instance of the Pennsylvania Railroad Company, under the Acts of Assembly incorporating and regulating the same, to ascertain the damages sustained by the plaintiff in error (O'Hara) by reason of the appropriation by the said company of certain lands lying in the 9th ward of the city of Pittsburgh, for the uses of the said company. The petition was presented on the 19th of October, 1850, praying for the appointment of five disinterested persons, under the provisions of the 4th section of a supplement to the Act incorporating the company, approved 27th March, 1848, to estimate and determine whether any, and, if any, what damages may be sustained by James O'Hara by said company taking, entering upon, and occupying for the purposes of said railroad, certain land of which the said James O'Hara is the owner, situate in the 9th ward of the city of Pittsburgh, and particularly described in said petition. The viewers were appointed.

On the 14th November, 1850, the viewers made the following report:—

"The undersigned appointed, by the said Court, viewers, agreeably to the prefixed precept, respectfully report:—That, having been duly sworn or affirmed, agreeably to the Act of Assembly in such cases provided, they proceeded on the 12th day of November, A. D. 1850, to view, and did view the premises indicated in the said precept as the property of James O'Hara; that they find the quantity of land required by the Pennsylvania Railroad Company, for the use of the said road, to be in quantity *one acre and eighty-eight perches;* that they duly estimated the value and

[O'Hara *v.* Pennsylvania Railroad Company.]

quantity of the said land, and having a due regard to, and making just allowances for, the advantages which have resulted, and may result to the said James O'Hara, the owner, in consequence of the opening and making of the said railroad, they compared the advantages and disadvantages of the same to the said owner, and do estimate and determine that the said James O'Hara has sustained, and will sustain damages to the amount of *five thousand dollars*, which they accordingly do report to the said Court, and that the same is payable to the said James O'Hara, this 14th day of November, 1850."

The case, O'Hara & Darlington against the Pennsylvania Railroad Company, arose in the same manner, and involved substantially the same state of facts.

The counsel filed the following exceptions to the confirmation of the reports :—

1. That notice was not given to the defendant of the filing of the petition, and application to Court by said Railroad Company for the appointment of viewers, or notice of the time and place of appointment.

2. That the viewers were selected in a manner contrary to law.

3. No effort was made by said company at any time, to agree with said defendants for compensation for the property entered upon and taken by them.

4. That the ground taken by said company has not been staked off and marked in any way so as to designate its boundaries and lines of separation from the streets and adjoining property.

5. To the gross and manifest injustice done to the defendants by the inadequate compensation allowed, and in valuing and estimating by the acre the property taken, the same having been for more than ten years past laid off in square blocks and lots, in the 9th ward of the city of Pittsburgh, and in such manner of record in the office of the Clerk of the Court of Quarter Sessions of Allegheny county.

6. In not making a full or any report of the evidence and its nature, and of all matters and things submitted to them.

7. To the unnecessary quantity of ground taken by said company for the purposes of a depot.

8. That notice was not given to the defendants of the appropriation of their property for the purposes of the said company prior to their application to Court for the appointment of viewers.

9. That it does not appear on the face of the proceedings or otherwise that the said company have by any action of the same, by resolution duly adopted, or otherwise, taken the property of the defendants for the purpose mentioned in their petition, upon which the proceedings are founded.

10. That the whole of the proceedings on the part of the said company are unwarranted by law.

[O'Hara *v.* Pennsylvania Railroad Company.]

11. That the petition of the company for the appointment of viewers is not verified by affidavit, nor is the fact of the inability of the parties to agree, which is essential to the jurisdiction of the Court, shown by proper averment and proof thereof.

12. The viewers erred in their computation of the area appropriated by the company, in stating it at least one-half acre less than the amount embraced within the description, and allowing damages on the basis of this false measurement.

13. That in their description of the amount appropriated, the company have omitted and excluded the ground belonging to the exceptants, taken and occupied by them on Ferguson and Lumber streets, the same or a part at least thereof being set forth by them in another proceeding against James O'Hara as the several property of the said James; the streets before mentioned having never been actually opened, but being enclosed with all the ground of the exceptants under a fence at the time of the view.

On the 28th July, 1855, these exceptions were overruled and judgment entered on the reports.

O'Hara & Darlington and O'Hara respectively sued out these writs, and assigned for error the overruling of the exceptions, and entering judgments on the reports of the viewers.

*Stanton,* for O'Hara.

*T. Williams,* for Darlington.

*Stokes,* for the Railroad Company.

The opinion of the Court was delivered by

Lowrie, J.—In the case of Zack against this company, we have decided that such a report as this is not at all a satisfaction of the law, since it does not set forth all the matters submitted to them. It gives no idea of the character of the ground, and scarcely any of its figure; for, while the distances are given in the petition and order, and there discordantly, there are no courses given, except eastwardly, southwardly, &c.; and, if the figure has its opposite sides parallel, as the reference to streets would indicate, then the distances are impossible. It states not one of the advantages or disadvantages which the owners may derive or suffer from the use that is to be made of the ground, and we do not know that they have considered them.

It is not at all our province to judge, at least in the first instance, of the quantity of ground necessary for the purposes of the railroad at this place; and, since the law does not say that the company shall be the judge of this matter, and it is not probable that

[O'Hara *v.* Pennsylvania Railroad Company.]

such a matter would be left to them alone, we must presume that this is one of the matters that ought to be reported upon by the viewers in a proper case. The company mnst, of course, locate and lay out the ground which they think necessary for their convenient use, as depots, &c., and must present their petition accordingly; but the viewers must decide whether so much is thus necessary. As the claim of the company is not conclusive of their right to the land for any more than the road-bed, but only a presentation of it for the approval of the Court in the proper form, we do not see that it is important to the owner that the resolution of the company to take it should appear to have been made and recorded. Their resolution to take it is sufficiently proved by their petition, if it be there sufficiently described.

It seems to us that there are several matters of fact which are preliminary to the appointment of the viewers, and which ought to be shown to the Court to have been performed, in order to justify the appointment. Thus it must appear, when the company are the petitioners, that they have surveyed, located, marked, and determined the ground which they deem necessary for their purposes, and which they propose to take, and that they have made an effort to agree with the owners for the compensation. These facts, and especially the last, cannot be taken for granted on the mere allegation of the petition; and therefore the very least that can be expected is, that they shall be supported by an affidavit, else they become a mere matter of form, for the viewers do not find them as facts.

In this case the landowners had no day in Court until the report was filed. Then they denied that there had been any effort made to agree, and they deny it here. The record does not show how the fact is, and it is very apparent that the Court did not pass upon it. If it had appeared that the landowners were present at the appointment of the viewers, this fact would have been taken as admitted, unless the objection had then been made. But when the appointment is made *ex parte*, the objection is, of course, in time, if made after the report, and then it must be decided before judgment can be entered on the report. This is saying nothing more than that such summary proceedings must appear on their face to be all regular.

This case is a very peculiar one, and of course requires a very special report, in which, at the least, all the matters of quantity, quality, value, and boundaries of the land, and the title to the streets spoken of, ought to appear. Without this there can be no intelligent review of the proceedings.

The delays in this case cannot enter into our judgment, for both parties had the same rights in bringing it to an issue. The process began in error, and it must start anew.

[O'Hara v. Pennsylvania Railroad Company.]

O'HARA v. PENNSYLVANIA RAILROAD COMPANY.

PER CURIAM.—All the points in this case have been considered in the cases of Darlington and Zack against this same company, and the principles there expressed require a reversal of these proceedings.

> Judgment reversed at the costs of the plaintiff below, the railroad company.