# Putney *versus* Collins *et al.*

1. An order of the Court of Common Pleas to open a judgment is wholly within its discretion, and not reviewable in the Supreme Court.

2. Where a court has jurisdiction of a kind of cases, but from some circumstance has no jurisdiction of a particular case in which a judgment has been entered by default, it is not error for the court in opening the judgment at the defendant's request to impose the condition that he shall waive the want of jurisdiction in the court.

ERROR to the Court of Common Pleas of *Clarion County.*

[Putney *v.* Collins et al.]

The opinion of the court was delivered November 7th, 1859, by

STRONG, J.—The order of the court below to open the judgment was wholly within its discretion, and is therefore not reviewable by us. Of course we cannot inquire into the conditions upon which the judgment was opened. It is true, if it was opened on a condition subsequent which was illegal, the condition was void, and inoperative in any after-part of the proceeding. If therefore it was contrary to law to require the defendant to stipulate that he would not plead to the jurisdiction of the court, such a stipulation would not prevent such subsequent plea. In this case the defendant's objection was that the cause of action was local; that the tort complained of had been committed in Armstrong County, and not in Clarion, and that the action could therefore be maintained only in Armstrong. This was only an objection to the power of a court to try the particular case, and not to its power to try cases of the same general character. It is difficult to see why the defendant could not waive such an objection, and therefore why the court could not make it one of the conditions in opening the judgment that the defendant should waive it. It is true the general rule is that want of jurisdiction may be taken advantage of in any stage of the proceedings, but when the court has jurisdiction over such a subject matter, and is only restricted from entertaining the individual case by some circumstances peculiar to itself, the party who denies the jurisdiction must avail himself of those peculiar circumstances, and a condition imposed upon him not to do so, appears to us not illegal.

But if the court had been in error in attaching to its order to open the judgment the condition that the defendant should not object to its jurisdiction, there would be no ground for reversing this judgment. The mistake, even if it was a mistake, has worked no injury to the plaintiff in error. The only alleged injury is that he was thereby prevented from giving in evidence the act of assembly erecting Clarion into a distinct county. It was offered for the purpose of showing that the north shore of Red Bank Creek (upon which the alleged tort took place) was the line between Clarion and Armstrong, and of course that the creek was wholly within the latter county. But the act of assembly, if admitted, would have proved no such thing. On the contrary, its true construction is that the line between the two counties is the middle of the stream. That being the case, the Court of Common Pleas of Clarion had jurisdiction of the particular action. *Oliphant* v. *Smith*, 3 Penna. 180.

The line is described in the act as "beginning at the junction of Red Bank Creek with the Alleghany River, thence up said

creek to the line dividing Toby and Saratoga townships in Venango County." It is too clear for argument, that this line is the middle of Red Bank Creek, and that the point of its junction with the Alleghany River is at its *medium filum.* The plaintiff in error therefore has no cause to complain. Neither of his errors assigned has been sustained.

The judgment is affirmed.