Statement of Facts.

## CHARLES CLASS v. E. F. KINGSLEY ET AL.

APPEAL BY E. F. KINGSLEY FROM THE COURT OF COMMON PLEAS NO. 1 OF PHILADELPHIA COUNTY.

Argued April 3, 1891—Decided May 27, 1891.

To be sufficient to prevent summary judgment, an affidavit of defence must contain all the facts necessary to constitute a legal answer to the statement of claim, and the omission thereof cannot be supplied by possible inferences from the facts which are stated.*

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 208 January Term 1891, Sup. Ct. ; court below, number and term not shown.

On August 2, 1890, " Charles Class, trading as the Arctic Hygeia Ice Manufacturing Company," brought assumpsit against " Edward F. Kingsley and W. T. and E. F. Kingsley, executors of · the will of J. E. Kingsley, deceased, who, with Edward F. Kingsley, traded as J. E. Kingsley & Company," filing on October 30, 1890, a statement of claim to recover the sum of $323.17, for 92,335 lbs. of ice delivered by the plaintiff to the defendant firm from April 1, to May 5, 1890, a copy of the plaintiff's book of original entries being attached.

On November 17, 1890, Edward F. Kingsley filed an affidavit of defence, averring as follows :

" The plaintiffs' statement filed alleges the claim for 92,335 lbs. of ice (46.167 tons) at seven dollars per ton. This deponent says, to wit: That one Harry B. Crowell, in the early part of the present year, to wit, the month of March, was engaged in business with the said plaintiffs, under the firm name of Crowell & Class, and at said last-named time said Crowell made a specific contract with defendants to deliver to them ice at the Continental Hotel until the return of the said J. E. Kingsley to Philadelphia from California, at the price of four dollars per ton. That, on or about May 5, 1890, the plaintiff notified

---

* See Chain v. Hart, 140 Pa. 374.

defendants, that, unless they contracted with him for ice for the season at seven dollars per ton, he, the said plaintiff, would discontinue serving ice to said defendant from that date.　And to this deponent says, that at the said last-named time he notified plaintiffs that four dollars per ton was the price agreed upon between them, that four dollars per ton was all that he would pay, and that he need not serve them with any more ice except at four dollars per ton.　That the said defendants are ready and willing to pay the sum of four dollars per ton for the ice delivered, being the full contract price agreed upon between them.　All of which this deponent expects to be able to prove upon the trial of the above case."

On December 18, 1890, said Edward F. Kingsley filed a supplementary affidavit of defence averring:

" The plaintiffs' statement filed alleges the claim for 92,335 pounds of ice (46.167 tons) sold and delivered at seven dollars per ton.　This deponent denies that defendants agreed to pay plaintiffs the sum of seven dollars per ton for the said ice; on the contrary, this deponent says that one Harry B. Crowell, on or about the fifteenth day of March, 1890, was engaged in business with the said plaintiff under the firm name of Crowell & Class, and at said last-named time the said Crowell called at the Continental Hotel, the then and now place of business of the said defendants, and then and there endeavored to secure from defendants a contract to purchase ice for a term of years at a reduced price; the defendants declined then to enter into any contract for the delivery to them of ice for a term of years; and the said Crowell was then informed that J. E. Kingsley, one of said defendants, was going to California, to be absent about two months, and would make no long contracts before his return to Philadelphia; the said Crowell then made a verbal agreement as follows: He said that they, the plaintiffs, would deliver to defendants ice at the Continental Hotel, until the return of the said J. E. Kingsley to Philadelphia from California, at four dollars per ton.　The said J. E. Kingsley returned, as aforesaid, to Philadelphia on or about the tenth day of May, 1890.

" That on or about the fifth day of May, 1890, the plaintiffs sent to defendants a letter, a copy of which is as follows:

Opinion of the Court.

"'PHILADELPHIA, May 5, 1890.

"'MESSRS. J. E. KINGSLEY & SON, Philadelphia:

"'*Gentlemen:*

"'Unless you agree to contract with us for the season at seven dollars ($7.00) per ton, we have concluded to discontinue serving you with ice from this date. Please give bearer answer. If not in when he calls, please send word by telephone before six o'clock.                    Yours truly,

"'ARCTIC HYGEIA ICE MFG. Co.,

"'CHAS. CLASS.'

"And this deponent says that, in reply to said letter, he notified plaintiff over the telephone that four dollars per ton was the price agreed upon between them; that four dollars per ton was all that they would pay, and that he, plaintiff, need not serve them with any more ice, except at four dollars per ton.

"And this deponent says that plaintiffs did not deliver to defendants any ice after the said fifth day of May, 1890. That the said defendants are ready and willing to pay to plaintiffs the sum of four dollars per ton for the ice delivered, the said sum being the full contract price agreed upon between them. All of which this deponent believes and expects to be able to prove upon the trial of the above case."

—A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, on December 20, 1890, without opinion filed, made said rule absolute; and judgment was entered in favor of the plaintiff against Edward F. Kingsley for $323.17. Thereupon, said defendant took this appeal, assigning the order entering said judgment, for error.

*Mr. Henry C. Brown* with him (*Mr. George Fred'k Keene*), for the appellant.

*Mr. Amos H. Evans*, for the appellee.

Counsel cited: Peck v. Jones, 70 Pa. 83; Willard v. Reed, 132 Pa. 5; Erie City v. Butler, 120 Pa. 382; Griel v. Buckius, 114 Pa. 187.

OPINION, MR. JUSTICE McCOLLUM:

Charles Class, trading as the Arctic Hygeia Ice Manufactur-

ing Company, appellee, claims by his statement filed in this
case that in the months of April and May, 1890, he sold and
delivered to J. E. Kingsley & Co., appellants, 46.167 tons of
ice, at $7 per ton. It is not denied that the ice was delivered
as stated in the claim, and it is not alleged that the sum charged
for it is exorbitant or above the market price. The sole defence
made to the claim is, that on or about the fifteenth of March,
1890, one Henry B. Crowell, who was then engaged in business
with the appellee under the firm name of Crowell & Class, agreed
with the appellants to deliver to them ice at four dollars per
ton, until the return of J. E. Kingsley from California, which
was expected within two months. To develop this defence,
two affidavits were required, and it is fair to assume that these
contain all the facts which constitute the appellants' answer
to the claim. It is not stated in what business Crowell &
Class were engaged on the fifteenth of March, that Crowell
had authority from the appellee to make contracts for the sale
of ice, or that the ice was delivered in pursuance of the contract.
All the facts alleged in the affidavits may exist without im-
pairing the validity or justice of the appellee's demand. To
hold these affidavits sufficient, we must infer that Crowell &
Class were engaged in the ice business, and that the appellee is
their successor and delivered the ice under their contract, or
that he authorized Crowell, as his agent, to enter into the agree-
ment which is set up as a partial defence to the action. If the
authority of Crowell to bind the appellee by the agreement suf-
ficiently appeared in the affidavits, they would constitute a
valid defence to three sevenths of the claim. But this essential
element of the defence is left wholly to inference, when, if it
existed, it could and presumably would have been stated as a
fact. It is too well settled to need citation of authorities that
the affidavit must contain all the facts necessary to make a legal
answer to the claim, and that their omission cannot be supplied
by possible inferences. In this case, it is not even averred that
the appellants believe and expect to be able to prove that Cro-
well had authority from the appellee to make the contract, or
that the ice was delivered in pursuance of it, and it is not a
necessary inference from the facts stated in the affidavits that
the contract was authorized or adopted by him. It is a reason-
able and salutary rule which requires that the facts relied on

Syllabus.

as a defence shall be plainly stated in the affidavit, that the court may judge of their legal effect as an answer to the claim. While technical precision in the statement of the facts is not demanded, a plain and intelligible averment of them is necessary. Applying to this case the well settled rules which govern the statement of a defence, we are constrained to hold, with the court below, that the affidavits are insufficient.

The judgment is affirmed.