# Blandburg Water Company's Condemnation.

*Appeals—Interlocutory order—Condemnation of water—Approval of bond—Water companies—Discretion.*

An order approving a bond filed in proceedings by a water company for the appropriation of the water of a stream is interlocutory in its nature, and from it no appeal is given by statute. If such an appeal be regarded in the light of a certiorari, and there is nothing in the record to show an abuse of discretion by the court below, it will be dismissed by the appellate court.

Argued Oct. 2, 1911. Appeal, No. 49, Oct. T., 1911,

by Pennsylvania Railroad Company, from order of C. P. Cambria Co., Dec. T., 1910, No. 459, approving bond In re Condemnation by Blandburg Water Company. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to amount of bond filed by the Blandburg Water Company in proceedings to condemn a stream supplying a reservoir owned by the Pennsylvania Railroad Company.

O'CONNOR, P. J., filed the following opinion and decree:

Exceptions were filed to the amount of bond offered by the Blandburg Water Company for the approval of the court in the above-stated proceeding, and for the present we feel like sustaining the exception which goes to the sufficiency of the bond, and suggest that the court will for the present approve a proper bond in the sum of $5,000 for taking of the water, which amount we regard as sufficiently adequate unless the exceptant has acquired the right to take the water from the stream in question by reason of a user uninterrupted for a period of twenty-one years and upwards. If we were to require a bond greater in amount, we would practically decide that the exceptant had acquired a right by prescription to make use of the waters in question not permitted by law. The disputed question we leave open, and enter the following order:

And now, November 10, 1910, unless bond to be approved by the court in the sum of $5,000 be filed by the Blandburg Water Company for the use of the exceptants within fifteen days from this date for taking of water, exceptions sustained; otherwise exceptions overruled when bond approved.

The court approved the bond filed in accordance with this decree.

*Error assigned* was order approving the bond.

*John W. Kephart,* for appellant.

*John E. Evans,* with him *A. V. Barker* and *Chas. S. Evans,* for appellee.—The approval of the bond in this proceeding is not the subject of review in the appellate court: Getz v. Philadelphia & Reading R. R. Co., 1 Walker, 427; Slocum's App., 12 W. N. C. 84; Twelfth St. Market Co. v. Phila., etc., R. R. Co., 142 Pa. 580; McManus's App., 5 Pa. Superior Ct. 65; Katharine Water Co.'s App., 32 Pa. Superior Ct. 94.

PER CURIAM, October 23, 1911:

This appeal is from an order approving a bond filed in proceedings for the appropriation of the water of a stream that supplied a reservoir owned by the appellant. The dispute relates to the sufficiency of the bond. The order is interlocutory in its nature and from it no appeal is given by statute: Twelfth St. Market Co. v. Railroad Co., 142 Pa. 580; Pittsburg, Carnegie & Western R. R. Co. v. Gamble, 204 Pa. 198. If we regard the appeal in the light of a certiorari, there is nothing in the record which shows a failure of the court to exercise proper legal discretion in fixing the amount of the bond.

The order is affirmed at the cost of the appellant.