# Burkhard, Appellant, v. Pennsylvania Water Co.

*Practice, Supreme Court—Appeals—Assignments of error—Defective assignments.*

1. Assignments of error constitute an essential part of the pleadings before the Supreme Court and as such must be so complete in themselves as not to require reference to other parts of the record; an assignment charging error in the order of the court below overruling exceptions to a bond filed in condemnation proceedings is in palpable disregard of rule 26, where it fails to show the character of the bond filed or what exceptions were taken thereto.

*Water companies—Eminent domain—Bond to secure damages—Evidence—Witnesses—Experts.*

2. On appeal from an award of a jury of view in proceedings to condemn property for the use of a water company, exceptions to the bond filed to secure the payment of damages, which complained that no effort was made to agree with the owners of the property as to the amount of damages sustained are properly dismissed, as the filing of the bond is evidence of the inability of the parties to agree on the damages.

3. The court makes no error in such case in refusing to allow an expert witness called by the plaintiffs to give his opinion as to the value of land taken where the witness on cross-examination and in reply to a question by the court, stated that he did not have and did not pretend to have any knowledge of the market value of the land taken or of the value of the land in its vicinity.

Argued Oct. 30, 1913.    Appeal, No. 219, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1911, No. 909, on verdict for plaintiff in case of Walburga J. Burkhard, Josephine Friday and Mary A. Saupp v. Pennsylvania Water Company.    Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from award of viewers in condemnation proceedings.  Before REID, J.

From the record it appeared the court excluded the testimony of L. C. Chapin, a hydraulic engineer, as to his

opinion regarding the value of the land taken.    Other facts appear by the opinion of the Supreme Court.

Verdict for plaintiffs for $14,500 and judgment thereon.    Plaintiffs appealed.

*Error assigned,* among others, was the first which was as follows:   "The learned court below erred in its order filed May 12, 1909, overruling exceptions to the bond as filed, which order and exceptions taken thereto are as follows:

"ORDER.

"And now, to-wit, May 12, the exceptions to the bond filed herein are all overruled excepting the first, without, however, passing upon the merits of the controversy sought to be raised by them and without prejudice to the exceptants' right to prosecute them in any other form, and the first exception is sustained as to the amount of the bond, being of opinion that the bond should be in the sum of $40,000, and bond in that amount with the same sureties and in the same form will be approved.

"Per Curiam."

to which order, at the request of appellants, the following bill of exceptions was allowed:

"EXCEPTIONS.

"And now, to wit, June 11, 1909, come the obligees, Walburga J. Burkhard, Josephine Friday and Mary A. Saupp, and except to the order of the court entered May 12, 1909, in the above entitled case, in the following prticulars:

"1. Obligees except to the order of the court overruling Exception No. 2 to the sufficiency and approval of the bond.

"2. Obligees except to the order of the court overruling Exception No. 3 to the sufficiency and approval of the bond.

"3. Obligees except to the order of the court overruling Exception No. 4 to the sufficiency and approval of the bond.

(Seal)                    "JOHN D. SHAFER,
                          "Judge C. P. No. 2."


*David E. Mitchell*, with him *William A. Griffith*, for appellants.


*Duff & Carmack*, and *Gordon & Smith*, for appellee, were not heard.


PER CURIAM, January 5, 1914:

This appeal is by the plaintiffs in an issue to determine the amount of damages which they have sustained by the taking of their land by the defendant under its right of eminent domain. The first assignment, which charges error in the order of the court below overruling exceptions to a bond filed, is in palpable disregard of rule 26. We cannot learn from it the character of the bond filed, or what exceptions were taken thereto. Assignments of error constitute an essential part of the pleadings before us, and as such must be so complete in themselves as not to require reference to other parts of the record presented for our consideration: Cessna's Est., 192 Pa. 14; North Mountain Water Supply Company v. Troxell, 223 Pa. 315. We gather from the printed argument of counsel for appellants that the bond referred to in the first assignment was to secure the payment of damages for land taken by the appellee, and that the exceptions to it set forth that the appellee had made no effort to agree with the owners of the property as to the amount of damages sustained. But there is an admission in the same printed brief that an ineffectual effort had been made by the appellee to agree with Mrs. Burkhard, one of the joint owners. Upon failure to agree with her, the only course open to the water company was to file its bond. Aside from this, however, the

filing of the bond was in itself evidence of the inability of the parties to agree: Wadhams v. Lackawanna & Bloomsburg R. R. Company, 42 Pa. 303; Burkhard v. Pennsylvania Water Company, 234 Pa. 41. The first assignment of error could not, therefore, be sustained, even if it were in proper form. The second assignment is without merit, and the remaining six call for no discussion. It is sufficient to say that the questions put to L. E. Chapin, the hydraulic engineer called by the plaintiffs, were properly disallowed after he had said, on cross examination and in reply to a question by the court, that he did not have, and did not pretend to have, any knowledge of the market value of the land taken or of the values of lands in its vicinity.

Judgment affirmed.