## Raystown Water Power Company *v.* Brumbaugh, Appellant.

*Eminent domain—Water company—Extent of power to appropriate—Rights of property owner—Practice, S. C.—Order approving bond—Appeal from order—Act June 19, 1871, P. L. 1360.*

1. An order approving a bond filed by a water company in a proceeding to condemn land is interlocutory in its nature, and from such an order an appeal does not lie.

2. A water company incorporated under the Act of April 29, 1874, P. L. 73, as amended by the Act of May 16, 1889, P. L. 226, for the purpose "of the supply, storage and transportation of water and water power for commercial and manufacturing purposes," possesses the right of eminent domain.

3. A water company or water power company can condemn land

for the purposes specified in the statutes, but cannot condemn more land even for these purposes than is reasonably necessary to conduct the business of the corporation.

4. Where a water company is about to condemn land located seven miles from its reservoir, the owner may raise the question of the water company's right to condemn under the Act of June 19, 1871, P. L. 1360, without applying to the attorney general to institute the proceedings.

Argued April 21, 1914. Appeal, No. 80, Jan. T., 1914, by defendant, from judgment of C. P. Huntingdon Co., Sept. T., 1913, No. A, appointing viewers and approving bond in case of Raystown Water Power Company v. Isaac Brumbaugh. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition for appointment of viewers. Before WOODS, P. J.

The Raystown Water Power Company constructed a large dam over the Raystown branch of the Juniata river, causing the water to back up, over and upon the land of the defendant, Isaac Brumbaugh, an upper riparian owner. The plaintiff company filed a petition for the approval of a bond to secure the damages and for the appointment of viewers in eminent domain proceedings. The defendant filed an answer averring that the plaintiff company did not possess the right of eminent domain. The court appointed viewers to assess damages and approved the bond. Defendant appealed.

*Error assigned*, among others, was the decree of the court.

*W. H. Trude*, with him *H. H. Waite*, for appellant.

*James S. Woods*, with him *Thomas F. Bailey*, for appellee.

OPINION BY MR. JUSTICE ELKIN, July 1, 1914:

This is an appeal from an order made by the court

below appointing viewers and approving a bond in a condemnation proceeding. The power to appoint viewers is challenged on the ground that the condemning company did not possess the right of eminent domain; and the approval of the bond was objected to because inadequate to cover the damages that would result from the taking of the land. Upon the record here presented the questions discussed by counsel for appellant cannot be determined finally. This court very recently decided that an order approving the bond filed by a water company in a proceeding to condemn land was interlocutory in its nature, and from such an order an appeal does not lie: Blandburg Water Company's Condemnation, 233 Pa. 230. In so deciding we simply followed the settled rule as stated in Twelfth Street Market Co. v. Railroad Co., 142 Pa. 580; Pittsburgh, C. & W. R. R. Co. v. Gamble, 204 Pa. 198, and other cases of like import. In condemnation proceedings the method of assessing damages is statutory, and the right of appeal depends upon the provisions of the statutes relating to the same and does not exist independently of them. Even if the appeal be regarded as a certiorari our review of the case is necessarily limited to the prima facie rights of the parties as disclosed by the pleadings because in such cases the evidence cannot be considered. The Raystown Water Power Company was incorporated for the purpose "of the supply, storage, and transportation of water and water power for commercial and manufacturing purposes" under the Act of 1874 as amended by the Act of 1889. That a company so incorporated has the right of eminent domain was decided in Jacobs v. Clearview Water Supply Co., 220 Pa. 388. Under its charter, and the statutes which authorized its incorporation, appellee company possesses the right of eminent domain for its corporate purposes, and at most nothing more could be inquired into on an appeal in the nature of a certiorari from an

order appointing viewers or approving a bond as the initial steps of a proceeding to condemn.

In the present case we are of opinion that the landowner whose property is about to be condemned may raise the question of the right to condemn under the Act of 1871. A corporation clothed with the power to condemn land for railroad purposes, could not exercise that power to condemn land for mining or agricultural purposes; and a water company possessing the power to condemn land as a site for a reservoir or a pumping station, could not exercise that power to condemn land not necessary to its corporate uses. A water company, or a water power company, can condemn land only for the purposes specified in the statutes, and cannot condemn more land even for these purposes than is reasonably necessary to conduct the business of the corporation. Whether appellee company has the right to condemn land seven miles distant from its present reservoir site and as a part of it must depend upon exceptional facts, if indeed such right exists at all under its corporate powers. Under the facts of this case we cannot agree that appellant must apply to the attorney general to institute the proceeding to test the right of the water company to condemn the land described for the purpose of appropriation. This question under the peculiar facts of the case at bar can be raised by the landowner, whose property is about to be taken, under the Act of 1871. The appointment of viewers and assessment of damages should be postponed until the landowner has had an opportunity to proceed under the Act of 1871 to have his rights judicially determined in accordance therewith.

Appeal dismissed at cost of appellant.