# In re Bond of Equitable Gas Company.

*Natural gas companies—Eminent domain—Bonds — Appeals—Certiorari.*

As no appeal lies from an order of the court approving or refusing its approval of a bond given by a natural gas company in condemnation proceedings, the only remedy available, to one considering himself aggrieved is the common law right of certiorari. If the proceedings in such case, are regular in form the order of the lower court will be sustained.

*Eminent domain—Bonds—Sufficiency.*

Under the provisions of the Act of June 26, 1885, P. L. 181, a surety company, duly authorized to do business in Pennsylvania, may become a sole surety in cases, where by law, one or more sureties may be required.

When the common seal of a corporation appears to be affixed to an instrument, and the signatures of the proper officers are proved, the courts are to presume that the officers did not exceed their authority, and the seal itself is prima facie evidence that it was affixed by the proper authority.

Where a bond has been properly sealed and signed, and a court has taken judicial notice of its own records, that the bonding company has complied with all the requirements of the laws of the Commonwealth, in respect to the regulation of surety companies, the appellate court will not set aside its action, in approving the bond.

372    In re BOND OF EQUITABLE GAS CO.

Statement of Facts—Opinion of the Court. [72 Pa. Superior Ct.
Argued May 7, 1919. Appeal, No. 141, April T., 1919, by Emma Erdner, from judgment of C. P. Allegheny Co., January T., 1919, No. 1729, approving a bond of Equitable Gas Company to Emma Erdner. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Exceptions to bond in condemnation proceedings.
The opinion of the Superior Court states the case.
The court dismissed the exceptions and approved the bond.

*Error assigned* was the order of the court.

*John N. Dunn,* of *Dunn & Moorhead,* for appellant.

*John G. Frazer,* and with him *Reed, Smith, Shaw & Beal,* for appellee.

OPINION BY HEAD, J., July 17, 1919:

The Equitable Gas Company, having determined to construct a branch pipe line across the land of the appellant, was unable to agree with her as to the amount of the damages that would flow from the acquisition of such easement in her property. It then tendered to her a bond to secure such damages which she declined to accept. The company then gave notice that on a day certain it would present the said bond to the Court of Common Pleas of Allegheny County for its approval. Its petition, filed for that purpose, was by leave of court amended and exceptions were filed by this appellant. After hearing, all of these exceptions were dismissed and the bond was approved. This appeal comes from the order of approval.

From the petition, as amended, it appears the Equitable Gas Company was and is a corporation of the State of Pennsylvania, incorporated under the general Act of May 29, 1885, and its supplements. In these statutes the legislature has declared that the production and supply

of natural gas to the public was a public use and that corporations, created for such purpose, should be invested with the right of eminent domain. Where the company and the owner are unable to agree as to the amount of compensation for a desired right-of-way, the constitutional provision requiring such corporations to either pay or secure the probable damages before entry upon the land, is effectuated in this language: "If the owner refuses to accept said bond......, the same shall then be presented to the court of common pleas of the proper county......, to be approved by it. Upon approval of the bond and its being filed, the right of the corporation to enter upon the enjoyment of its easement shall be complete." It will be observed the statute is entirely silent as to the method of procedure in such cases and neither requires nor directs the doing of any particular thing except the presentation of the bond to the court and the approval or refusal to approve by the court. If there be any rule of court in Allegheny County establishing the procedure in such cases, it has not been brought to our notice.

As the statutes give no right of appeal from the order of the court approving or refusing its approval of the bond in such cases, the only remedy available to one considering himself aggrieved by the order of the court was the common law writ of certiorari. In the determination of any questions that may be properly brought to the appellate court by the use of that writ, we should determine in the first instance whether or not the record shows the presence of the jurisdictional facts necessary to call into activity the exercise of the power invoked. Now the petition, as amended, shows that the petitioner gas company was a corporation created under the statutes referred to. It therefore was invested with all of the powers conferred by the legislature on such companies. The petition averred that it (the gas company), pursuant to the powers and authority so conferred and for the purposes described in the statutes, had surveyed

and located a route for a pipe line across the land of the appellant. Further that it had been unable to agree with her as to the amount of damages that would accrue from the construction and maintenance of said line and had tendered to her a bond which she declined to accept; and had then given notice that, upon a day certain, the said bond would be presented to the court of common pleas for its approval. We cannot discover that any jurisdictional fact was omitted in the averments of the petition. The court therefore was fully empowered, in the exercise of a sound discretion, to approve of the bond. Thus far our way is clear.

A number of exceptions were filed. The particular one that seemed to go to the merits of the case, if we may use the expression, alleged that the proposed taking of the exceptant's land was not for a public use but was in reality an attempt on the part of the corporation to take the property of the exceptant for a private use. This allegation had been made the foundation of a bill in equity praying for a restraining order to prevent such action by the company, and that bill was made part of the exceptions. It is sufficient to say on this point that it has been decided such a question could not properly be raised or determined in a proceeding of this character: Katharine Water Company, 32 Pa. Superior Ct. 94. The learned court below was therefore right in dismissing that exception.

Turning then to the remaining ones, which are more or less technical in character, it is urged that the court had no right to permit the company to amend its petition. The reason urged in support of this is that the surety on the bond, presented with the original petition, would be released from liability by the act of the court permitting the amendment of the petition. We can discover no merit in this exception. The conditions of the bond were in no wise changed. The obligation undertaken by the surety remained precisely the same under the amended petition as it was under the original one. Indeed the

amendment consisted of nothing more than an addition of the averment that the company was incorporated under the statutes of Pennsylvania we have already referred to, and that its proposed action was in pursuance of the power and authority conferred upon it by such statutes. It is urged in argument that this amendment was allowed without any notice to or consent of the surety. This is an allegation of fact unsupported by any evidence of the fact appearing in the record. But if it were true, it is not even contended that the liability of the surety was in any way increased or enlarged or made dependent on any conditions other than those fully recited in the bond itself. These conditions fully, fairly, and clearly determine the nature and extent of the obligation undertaken by the surety and conclusively show that such obligation was in no way affected by the amendment of the petition complained of.

But it is alleged the petition, even as amended, is defective because it fails to aver that the board of directors of the gas company, after due corporate action, had surveyed and located the route of the proposed pipe line. Let us keep in mind that, for all purposes of pleading, it is sufficient when a fact is averred in plain language, without any attempt to state the evidence by which that fact, if contested, may be established. The petition avers that "pursuant to such powers and authority and for the purpose of transporting and distributing gas to its customers, it (the gas company) has surveyed and located a route." The surveying and location then were the act of the gas company; and they were the act of the company done in pursuance of the power and authority conferred upon it by the statutes. If the fact were contested, the proof to support it would consist in the production of the minutes of the board showing the action of the directors. But in the absence of any denial of the fact, the averment of the petition warranted the court in accepting as true the statement that the location of the line was the act of the company legally taken.

It is then contended that the petition shows it was not executed by corporate authority; that the original was not executed even by a corporate officer, and that the amended petition was signed "merely by the vice president." There is nothing in this record to show that the agent of the company who signed the original petition was not duly authorized to do so. There is no denial of his authority contained in the exceptions to raise an issue of fact for determination by the court. Of course the gas company, relying on the petition to bring about the approval of its bond, would be in no position to question the authority of the agent who executed the petition. Moreover, the amended petition was executed by the vice president of the company. We regard this exception as purely technical and without any merit whatever.

Finally it is alleged that the bond is defective because (a) there was but a single surety; (b) that the surety company is without authority, under its charter or by law to become surety in a case like the present one; and (c) that it was executed by the surety company by the hand of an attorney in fact, under a power of attorney which does not give authority to execute a bond for the payment of damages, etc.

(a) While the Act of 1897 declares that the corporation shall tender to the property owner "a bond with sufficient sureties," the learned court below properly took cognizance of the statute of Pennsylvania which permits a surety company to become single surety in such cases. We refer to the Act of 26th June, 1885, P. L. 181.

(b) There is nothing on the record before us to enable us to determine what are the charter powers of the surety company. The exceptant states no fact upon which she could predicate the conclusion that the company was without power, under its charter and the laws, to sign this bond. We have every right to presume that the learned court below had satisfied itself upon this question. To require a petitioner in every such case to aver

all the facts necessary to show that the surety company
had such power would be an intolerable burden.

(c) The bond is signed in the name of the surety com-
pany and has affixed thereto the common and corporate
seal of the corporation. The presence of the seal itself
imports something. It is the sign manual of the artificial
person. It is made and maintained so that when attached
to an instrument it may testify to corporate action. In
Turnpike Co. v. Railway Co., 194 Pa. 144, Mr. Justice
BROWN quotes with approval the following language
from an eminent textwriter on the subject: "When the
common seal of a corporation appears to be affixed to an
instrument, and the signatures of the proper officers are
proved, the courts are to presume that the officers did not
exceed their authority, and the seal itself is prima facie
evidence that it was affixed by proper authority: Angell
& Ames on Corporations, Sec. 224."

We do not intend to say that in a contested issue of fact
the corporate seal proves itself or corporate action au-
thorizing its use. It might be attached to an instrument
by force or fraud, by a volunteer wholly without authori-
ty to possess or use it. We have before us no such ques-
tion. Our inquiry is directed to a single proposition.
There being no legislation directing the manner in which
the court shall reach the conclusion the bond should be
approved, does the record before us show the learned
court abused its discretion?

It is stated by counsel for the appellee in the paper-
book, and it was publicly so stated at the bar of the court
upon the argument, that the written power of attorney
authorizing the execution of the bond was recorded in the
recorder's office of Allegheny County and was before the
lower court at the time the exceptions were disposed of.
Also that the court below took judicial notice of one of its
own records from which it appeared that the court had
investigated the Guarantee Company of North America
(the surety in this case) and found that it had complied

Opinion of the Court. [72 Pa. Superior Ct.

with all the requirements of the laws of the Commonwealth of Pennsylvania.

Now it is true these facts do not appear in the petition. There is no requirement they should be there set forth. The jurisdiction does not rest on their presence in the record; it is not ousted by their absence. But we are not prepared to say that the court may not with safety rely upon statements of this character, made by reputable counsel, especially where neither their truth nor their accuracy is questioned. They go far towards strengthening the presumption of the law that the discretion vested in the court below was rightfully exercised; to demonstrate that the questions raised by the exceptions are without real merit and that the proceedings in the court below are substantially in accordance with the laws of the land. The assignments of error are overruled.

The appeal is dismissed at the costs of the appellant.