# Connellsville and State Line Railway Company *v.* Cooper, Appellant.

*Eminent domain—Railroad companies—Rights of property owner—Bonds—Order approving bond—Appeal from order—Practice, Superior Court.*

No appeal lies from the refusal to quash condemnation proceedings.

An order, approving a bond filed by a railway company in a proceeding to condemn land, is interlocutory in its nature, and from such an order an appeal does not lie. No appeal to the Superior Court can be taken from an appeal to the court of common pleas taken from the award of the viewers, and not yet tried in the court below.


Argued April 13, 1921. Appeal, No. 44, April T.. 1921, by defendant, from judgment of C. P. Somerset County, Sept. T., 1910, No. 148, refusing to grant a rule to show cause why condemnation proceedings should not be quashed in the case of the Connellsville and State Line Railway Company v. Frank Cooper. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Appeal quashed.


Petition to grant a rule to show cause why condemnation proceedings should not be quashed. Before RUPPEL, P. J.

The opinion of the Superior Court states the case.

The court dismissed the petition. Plaintiff appealed.


*Error assigned,* among others, was the order of the court.


*Charles G. Watson,* and with him *Samuel W. Cooper, Norman T. Boose* and *Clarence L. Shaver,* for appellant.


*Charles F. Uhl, Jr.,* and with him *Charles H. Ealy,* for appellee.

OPINION BY LINN, J., July 14, 1921:

On May 24, 1920, appellant moved to quash condemnation proceedings pending in the common pleas since 1910; the motion was refused and this appeal followed.

The record shows that on June 21, 1910, on petition of the Connellsville and State Line Railway Company the court below approved and ordered filed a condemnation bond in the matter of the construction of its railroad over appellant's land. It appears that appellant filed exceptions to the petition which were disposed of by an opinion and order made after hearing on the merits; that order approving the bond was interlocutory and not appealable: Raystown Water Power Co. v. Brumbaugh, 246 Pa. 225, and cases cited page 227. Appellant's history of the case advises us that the railroad was constructed in 1910 and at the oral argument counsel stated that it has been operated ever since.

The record also shows that viewers were appointed, held hearings and filed their report awarding $700 compensation to appellant; on October 9, 1916, he filed exceptions to the report and also appealed from the award to the common pleas. No appeal to this court lies from anything raised by the exceptions or by the appeal to the common pleas before they are disposed of below.

With a record showing (1) approval of the bond in 1910 by an order not appealable; (2) exceptions filed in 1916 to the report of viewers and not yet disposed of, and (3) an appeal to the common pleas taken in 1916 from the award of the viewers and not yet tried there, it is obvious that appellant had no appealable final disposition of any matter when on May 24, 1920, he filed the motion to quash. Such motion cannot accomplish indirectly what cannot be done directly. In his petition to quash he gives many reasons for the motion but all may perhaps be divided into three classes: (1) those challenging the jurisdiction of the court; (2) such as were substantially stated in the exceptions filed in 1910 to the petition for the approval of the bond, and then

disposed of by its approval; (3) such as were substantially stated in the exceptions filed in 1916 to the report of the viewers and which have not yet been disposed of below. Though unnecessary to discuss these since the appeal must be quashed, we may say with regard to jurisdiction that as appellee was incorporated under the general railroad law, it has power of eminent domain; the Act of April 9, 1856, P. L. 288, gives the common pleas of the county containing the land jurisdiction in such condemnation proceedings; this appellant appeared generally and participated in the proceedings (Jeannette Borough v. Roehme, 197 Pa. 230) so that with jurisdiction of the subject-matter conferred by the statute and jurisdiction of the parties, appellant's objection to the jurisdiction is without merit.

The appeal is quashed at the cost of appellant.