## Rankin's Appeal et al.

Argued November 24, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*D. W. Henderson*, with him *W. F. Lane*, for appellants.

*Jos. W. Ray, Jr.*, with him *J. Espey Sherrard* and *Wade K. Newell*, for appellees.

PER CURIAM, January 4, 1943:

Under the provisions of the Act of May 2, 1929, P. L. 1280, known as "The General County Law", fifteen taxpayers of Fayette County took an appeal in the court below from the report of the Controller of that county. Claiming that because of alleged defects apparent on the face of the recognizance filed by the taxpayers the court was without jurisdiction to grant the appeal, the county commissioners filed motions to quash, to strike off the recognizance, and to dismiss the appeal. The learned court below dismissed the motions. From the dismissal of their motion to quash, the commissioners took this appeal, and the taxpayers have filed a motion to quash it on the ground that it is premature.

The appeal must be quashed, for clearly the ruling of the court below, concerning which the commissioners now complain, was interlocutory. In *Main Cleaners & Dyers, Inc. v. Columbia Super Cleaners et al.*, 332 Pa. 71, we said: "The test of jurisdiction is whether the court has power to enter upon the inquiry, not whether it may ultimately decide that it is unable to grant the relief sought in the particular case." We are all of opinion that the present proceeding is within the general class of controversies which the court below was competent

to determine under the authority of "The General County Law", and that the court had jurisdiction over the appellants. This is the second appeal taken to this Court in this controversy; the former one was also quashed, and we deem it not amiss to say that the case should now be tried on its merits, without further unwarranted delay.

Appeal quashed.