Seligsohn Appeal.

Argued September 27, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

reargument refused April 18, 1963.

*Nathan B. Feinstein,* with him *Reuben E. Cohen,* and *Cohen, Shapiro and Cohen,* for appellant.

*Harry Shapiro,* with him *David N. Bressler,* and *Shapiro, Rosenfeld, Stalberg & Cook,* for appellee.

Opinion by Mr. Justice Benjamin R. Jones, March 19, 1963:

The Philadelphia Parking Authority (Authority), proposing to erect a public parking garage in the vicinity of 8th and Filbert Streets, Philadelphia, on February 23, 1962 adopted a resolution condemning certain specified property (appraised at $1,548,500) in that area, including property located at the northeast corner of 8th and Filbert Streets owned by Frances H. Seligsohn (appellant). On March 1, 1962, the Authority petitioned Court of Common Pleas No. 3 of Philadelphia County for the appointment of a board of viewers and, on March 5, 1962, a board of viewers was appointed.

On March 6, 1962, the Authority filed a petition in the same court for leave to file its bond[1] and the court granted a rule upon the appellant to show cause why the Authority should not be permitted to file its bond. On March 28, 1962, the appellant filed preliminary objections[2] to which the Authority made answer the next day. After a hearing on April 2, 1962, the court on April 4, 1962 entered an *order* and a *decree*. The *order* provided: "April 4, 1962. Preliminary objections of [appellant] are overruled. Rule for leave to file a bond made absolute. Bond to be entered in the sum of $3,000,000, see decree, Milner, P. J." The *decree* provided: "And Now, to wit, this 4th day of April, A.D. 1962, upon consideration of the within petition and upon motion of [counsel for the Authority], the Court orders and decrees that leave be granted [the Authority] to file its bond in the sum of $3,000,000 to secure the payment of damages that may be agreed upon or assessed according to law to the owners of, or

---

[1] A single bond was filed to cover the property of all condemnees.

[2] The propriety of such procedure we do not pass upon.

persons entitled thereto, by reasons of the taking and appropriating of the premises within described. Upon filing of said bond, [the Authority] is authorized to take possession of said properties for the use set forth in the Petition. BY THE COURT, BYRON A. MILNER, P. J."

On April 12, 1962, the appellant filed two separate appeals in this Court: (1) an appeal (No. 304) from the *order* overruling the preliminary objections and (2) an appeal (No. 305) from the *decree* granting leave to the Authority to file its bond.

On September 10, 1962, the Authority moved to quash both appeals on the ground that both the *order* and *decree* were interlocutory in nature. In answer to the motions to quash, appellant takes the position: (a) that the appeal from the *order* raises a jurisdictional question under the Act of March 5, 1925, P. L. 23, §1, 12 PS §672; (b) that that portion of the *decree* which authorized the Authority to take possession of the properties makes the decree a final decree.

Preliminarily, we must determine whether either or both appeals must be quashed.

First, as to the appeal from the *order* overruling the preliminary objections. In *Dozor Agency v. Rosenberg*, 403 Pa. 237, 240, 169 A. 2d 771, we said: ". . . generally speaking, an Order overruling preliminary objections is interlocutory and not appealable;[3] [citing a case]. That general rule is, however, subject to the exception that if a question of jurisdiction is involved that question is appealable under the Act of March 5, 1925 [citing cases]." Does the present appeal fall within the exception, i.e., is a question of jurisdiction involved? If it does not, the appeal must be quashed; if it does, the appeal is limited to a determination

---

[3] See also: *Creighan v. Pittsburgh*, 389 Pa. 569, 573, 132 A. 2d 867; *Grosso v. Englert*, 381 Pa. 351, 354, 113 A. 2d 250.

274

whether the court below had jurisdiction (*Holmes Petition,* 383 Pa. 99, 102, 117 A. 2d 704).

Paragraph 2 of the preliminary objections avers, in substance, that the relevant statute (Act of March 26, 1903, P. L. 63, §2, 53 PS §1201)[4] requires that the Authority make a tender of its bond to the parties claiming or entitled to damages as a prerequisite to the presentation to the court of common pleas of a petition for leave to file its bond and that the Authority, in the case at bar, never made any such tender. It is appellant's theory that the Authority's failure to tender such bond goes to the *jurisdiction* of the court of common pleas to entertain this petition.[5] The Authority's position is three-fold: (a) that paragraph 2 does not raise a question of jurisdiction; (b) that, if failure to tender its bond to appellant is a jurisdictional fact, appellant has waived the question of jurisdiction; (c) that the Authority is not required to tender or file any bond under the present law.

The Act of 1903, supra,—the statutory authority for filing this bond in a court of common pleas—provides, in pertinent part: "In cases where the city [Authority] and the owner or owners cannot agree as to the price or damages to be paid, . . . the said city [Authority] *may* tender its bond to the party claiming or entitled to said moneys or damages, . . .: Provided, however, That in case the party claiming damages refuses to or does not accept said bond, as tendered, the said city [Authority] [after giving certain prescribed

---

[4] The Act of 1903, supra, applies, inter alia, to cities. However, the Act of June 5, 1947, P. L. 458, §10, etc., 53 PS §349 provides that the right of eminent domain shall be exercised by an Authority in the manner provided by law for the exercise of such right by the city in which the Authority exists.

[5] The Authority avers that the question of jurisdiction was not raised in the court below. Our examination of the record indicates that this question was raised, although not eo nomine.

written notice] ... *may* present said bond to the proper court of common pleas, . . .; and if the said bond is approved, it shall be filed in said court for the use of those interested . . . ." (emphasis supplied). It is to be noted that this statute provides that the city [Authority] *may* tender its bond to the property owner and may present its bond to the court. In view of the basic purpose of this statute, i.e., the *securing* of compensation to property owners in accord with the constitutional mandate, the word "may" must be construed as "shall", as mandatory rather than permissive: *Hotel Casey Co. v. Ross,* 343 Pa. 573, 23 A. 2d 737; *Melnick v. Melnick,* 147 Pa. Superior Ct. 564, 25 A. 2d 111. Therefore, under the statute, it became the duty of the Authority, unless excused, to tender its bond to the property owner before presenting the bond in the court of common pleas. Our inquiry is whether the failure of the Authority to perform this statutory duty deprived the court of common pleas of *jurisdiction.*

Two principles of law must be kept in mind: (a) "At best such proceedings [condemnation proceedings] are out of the course of the common law, and therefore the statutory requisitions should be strictly pursued": *Reitenbaugh v. Chester Valley R.R. Co.,* 21 Pa. 100, 106; *O'Hara v. Pennsylvania Railroad Co.,* 25 Pa. 445; *Johnston v. D., L. & W. R.R. Co.,* 245 Pa. 338, 348, 91 A. 618; (b) "The test of jurisdiction is whether the court has *power to enter upon the inquiry,* not whether it may ultimately decide that it is unable to grant the relief sought in the particular case: [citing cases]." (emphasis supplied); *Main Cleaners & Dyers, Inc. v. Columbia Super Cleaners,* 332 Pa. 71, 74, 2 A. 2d 750; *Witney v. Lebanon City,* 369 Pa. 308, 85 A. 2d 106; *Strank v. Mercy Hospital of Johnstown,* 376 Pa. 305, 102 A. 2d 170; *Hellertown Borough Referendum Case,* 354 Pa. 255, 47 A. 2d 273; *Rankin's Appeal,* 346 Pa. 167, 29 A. 2d 483.

The Act of 1903, supra, requires that, if the Authority and the property owner cannot agree upon the price or damages to be paid, the Authority must tender a bond and *then,* upon refusal or nonacceptance by the property owner of the bond tender, the Authority must proceed in court. Obviously, the statute requires these steps to be taken *preliminary* to any court procedure. In this connection it is most important to note the position taken by our courts on the *nature* of such preliminary steps. In *Darlington v. U.S.,* 82 Pa. 382, this Court held that the condemnor's failure to establish that an attempt had been made to agree with the property owner on the price or damages to be paid was of such nature as to deprive the court of *jurisdiction* to appoint viewers. *In re Bond of Equitable Gas Co.,* 72 Pa. Superior Ct. 371, the Superior Court indicated that the fact that the parties were unable to agree on compensation for damages and the fact that a bond had been tendered were *jurisdictional facts* which had to be established as a prerequisite to proceeding in court.[6] In *Jones v. Tatham,* 20 Pa. 398, the condemnor, seeking the appointment by the court of a board of viewers, had not established that the property owner had refused permission to enter upon the land or that the parties were unable to agree upon compensation or that the property owner had refused or neglected to join in the appointment of viewers. This Court said (p. 410) : "The jurisdiction given to the Common Pleas, in this respect, is a special one, contrary to the course of the common law, and must therefore be strictly pursued. It is not shown that the owner . . . was requested to permit an entry, or to agree upon the compensation, or to join in the appointment of men to assess the amount. *In the absence of these preliminary steps, the application to the Common Pleas was*

---

[6] Cf: *Seaman v. Borough of Washington,* 172 Pa. 467, 33 A. 756.

*totally unauthorized, and the whole proceedings were coram non judice."* (emphasis supplied). In *Oak Grove Water Co. v. Thompson,* 235 Pa. 486, 84 A. 502, the condemning authority in presenting its bond for court approval failed to prove that the parties had been unable to agree or that it had tendered a bond to the property owner; this Court affirmed the action of the court below which had declined to approve the bond stating, inter alia, that since the condemning authority had *"failed to supply certain requisites necessary to vest jurisdiction in the court under their application,* we decline at this time to approve the bond." (pp. 489-490) (emphasis supplied). A review of these authorities clearly indicates that the condemning authority's failure to establish compliance with the preliminary steps required by the statute does go to the *jurisdiction* of the court. Such being so, it is the duty of the condemning authority to establish such jurisdictional facts or to show that it would have been vain and useless under the particular circumstances to pursue the preliminary steps.

In the case at bar, the condemning authority did not establish that it had tendered a bond to the appellant. Did the attendant circumstances excuse such bond tender and has such excuse been established? While it is clear "that jurisdiction of subject-matter cannot be acquired by a court either through consent, waiver or estoppel of the parties" (*Bell Appeal,* 396 Pa. 592, 597, 152 A. 2d 731),[7] the Court in this particular class of litigation has been liberal in evaluating the quantum of proof required to establish the jurisdictional facts, i.e., it has permitted the condemning authority

---

[7] In *Putney v. Collins,* 3 Grant 72, the Court distinguished between "the power of a court to try the particular case" and "its power to try cases of the same general character" and held that the former was subject to waiver. See also: *Fennell v. Guffey,* 155 Pa. 38, 40, 25 A. 785.

to establish compliance with the statutorily required preliminary steps by implication or the futility of pursuit of such steps. For example, while it has been held that the inability of the parties to agree on compensation for damages must be established as a jurisdictional fact, nevertheless it has been held that *the mere filing of the bond in court* constitutes evidence of the inability of the parties to agree on compensation for damages: *Wadhams v. Lackawanna & Bloomsburg R.R. Co.*, 42 Pa. 303; *Bland v. Tipton Water Co.*, 222 Pa. 285, 71 A. 101; *Burkhard v. Pennsylvania Water Co.*, 234 Pa. 41, 82 A. 1120; *Burkhard v. Pennsylvania Water Co.*, 243 Pa. 369, 90 A. 157.

In the case at bar, both the filing of the bond in court and the fact that the Authority passed its resolution of condemnation presuppose that the Authority was unable to come to terms with appellant as to damages: *Jury v. Wiest*, 326 Pa. 554, 558, 193 A. 5; *Spann v. Joint Boards of School Directors*, 381 Pa. 338, 347, 113 A. 2d 281. Much more important in the case at bar is the factual situation *which the appellant introduced into this case*,[8] i.e., that an equity action was pending in which the appellant was seeking to enjoin the Authority from proceeding in condemnation upon the theory that under the factual circumstances present the Authority had no right of eminent domain whatsoever.[9] On such state of the record it is obvious that

---

[8] In appellant's brief (p. 18) it is stated: "It was known to the Court below (and noted in its Opinion . . .) that a complaint in equity had been filed in Common Pleas Court No. 5 of Philadelphia County, as of March Term, 1962, No. 1626. That action was filed on March 28, 1962, and as of the printing of these paper books has not been decided." Furthermore, a large portion of appellant's "History of the Case" is devoted to facts developed in the equity suit.

[9] See: *State ex rel. Burrows v. Superior Court*, 48 Wash. 277, 93 P. 423.

it would have been futile and vain for the Authority to have tendered *any* bond to the appellant. The language of this Court in *Phillips v. Tetzner,* 357 Pa. 43, 47, 53 A. 2d 129 is apposite: "It is a well-established rule of law that a tender is excused where such tender would be a useless and idle ceremony [citing authorities]. It would have been a useless and idle ceremony to have made a tender . . . ." The legislature never intended the performance of the futile act of tendering a bond to a property owner whose actions so *completely* indicated that under no circumstances would such tender have been accepted. Under the instant facts performance of the statutory requirement of tendering a bond should be excused. The jurisdiction of the court below, *which clearly had jurisdiction over cases of this general character,* could not be ousted because of the non-performance by the Authority of an act the performance of which appellant's own actions had clearly frustrated.

In view of the conclusion reached, we need not consider whether the Authority was required under present legislation[10] to make any tender of a bond.

Under the authorities, supra, this appeal (No. 304) did involve a question of jurisdiction and therefore can not be quashed. However, in view of our conclusion that under the instant factual situation the jurisdiction of the court below has been established, the appeal is dismissed.

The second appeal (No. 305) is from the *decree* which granted leave to the Authority to file a $3,000,-000 bond and, upon filing such bond, to take possession of the property. The general rule is that an order or

---

[10] The Authority claims it does not have to tender any bond because of the Act of May 4, 1927, P. L. 728, No. 377, §1, 53 PS §1204 which relieves, inter alia, cities of the first class from filing a bond. See: *Philadelphia Appeal,* 364 Pa. 71, 74, 70 A. 2d 847; *Lakewood Memorial Gardens Appeal,* 381 Pa. 46, 56, 112 A. 2d 135.

a decree which permits the filing and approval of a bond in a condemnation proceeding is purely interlocutory and not appealable: *Twelfth-Street Market Co. v. Railroad Co.*, 142 Pa. 580, 21 A. 902; *Pittsburg, C. & W. R.R. Co. v. Gamble*, 204 Pa. 198, 53 A. 759; *Blandburg Water Company's Condemnation*, 233 Pa. 230, 82 A. 77; *Raystown Water Power Company v. Brumbaugh*, 246 Pa. 225, 92 A. 140; *Connellsville and State Line Rwy. Co. v. Cooper*, 77 Pa. Superior Ct. 45.

Appellant, relying on *Philadelphia, Morton & Swarthmore Street Railway Company's Petition*, 203 Pa. 354, 53 A. 191, contends that, since the instant decree awards, inter alia, possession of the property to the Authority, this appeal is an exception to the general rule inasmuch as such decree possesses the attribute of finality.

*Philadelphia, etc., Petition,* supra, involved *one* appeal from an order appointing viewers and approving a bond filed by a condemnor and from a decree which restrained, by injunction, the property owner from preventing the condemnor from taking possession of the property.[11] In determining that the order and decree were not interlocutory the Court stated (p. 359): "If the question were only one involving the amount of damages, it would be an interlocutory decree; but it strikes deeper; the right to possession at all is denied by appellant [the owner]; this denial the court, in effect, overrules and in spite of it gives possession at once." This decision does not control the instant proceeding; an examination of the factual situation therein clearly reveals the distinction between that case and the case at bar. In that case, the question of "the damage [was] a subordinate question; the predominant

---

[11] In its opinion, the Court stated (p. 358): "Appellant [the owner] then appealed from the decree appointing the viewers and approving the bond as also from the decree awarding the injunction . . ., and we have now the issue before us."

and controlling one [was] the right to enter" and the "right of a younger franchise to take possession of and appropriate the franchise and property of an older one . . . ." (p. 359).

The entire thrust of appellant's argument on this appeal is directed to the *inadequacy* and *insufficiency* of the Authority's bond, i.e., that the Authority's bond, which is secured neither by the power of taxation nor by separate sureties and entered to secure the taking of parcels of land owned by many different property owners, does not satisfy the requirement of Art. 1, §10, of the Constitution of Pennsylvania that "private property [shall not] be taken or applied to public use, . . . without just compensation being first . . . secured." The propriety of the amount and the adequacy of the security of a bond are matters to be determined by the court below in the exercise of its discretion and judgment.

The Act of June 7, 1907, P. L. 461, §1, 26 PS §141, provides that when (an Authority) has filed in court a bond in sufficient sum to secure the owner for damages and such bond has been approved by the court, "such [Authority] . . . shall have the right to immediate possession thereof [the lands, buildings or other property]." The legislative intent is clear; upon filing the bond and its approval by the court, the condemning authority is granted the right to immediate possession of the property. The sole province of the court is the determination of the propriety of the bond; once the propriety of the bond is determined, *it is the statute and not the court which grants the right of possession.*

In the court below, the *sole* question was the propriety of the bond and not the propriety of the taking; the court so recognized in its opinion: "[it was] not concerned . . . with the propriety of the taking but only with the very narrow question as to the propriety of the bond offered by the Authority." The inclusion

in the decree of the grant of the right to possession was mere surplusage; the statute required no implementation.

Since the propriety of the taking of appellant's property was not before the court below, it cannot be raised on this appeal. The inclusion of the right of possession in the decree cannot justify the grant of an appeal from this interlocutory decree, especially where the question on appeal is the propriety of the bond and not the propriety of the taking.

The decree from which this appeal (No. 305) is taken is purely interlocutory and not appealable.

The appeal from the *order* of the court below (No. 304) is dismissed and the appeal from the *decree* of the court below (No. 305) is quashed.